951 P.2d 749 (1998)
134 Wash.2d 468
Lori Lynne SCHOOLEY, Respondent,
v.
PINCH'S DELI MARKET, INC. a Washington corporation; "Doe Corporation", a Washington corporation d/b/a Pinch's Deli Market, Spanaway; James M. Boyd, Jr. and Jane Doe Boyd, husband and wife, d/b/a Pinch's Deli Market; and John Doe d/b/a Pinch's Deli Market, Petitioners.
No. 64023-8.
Supreme Court of Washington, En Banc.
Argued November 29, 1996.
Decided February 26, 1998.
*751 Ronald Gardner, Lee, Smart, Cook, Martin & Patterson, David L. Martin, Seattle, for Petitioners.
Briggs & Briggs, Shawn Briggs, Tacoma, Tom Chambers, Seattle, for Respondent.
Russell Love, Seattle, amicus curiae for Kenneth Gaston.
Bryan Harnetiaux, Gary Bloom, Debra Stephens, Spokane, amicus curiae on behalf of Washington State Trial Lawyers Ass'n.
*750 MADSEN, Justice.
Pinch's Deli seeks review of a Court of Appeals' decision reinstating Lori Schooley's personal injury action after dismissal on summary judgment. At issue is whether Pinch's Deli can be liable for injuries suffered by Schooley as a result of the store's illegal sale of alcohol to another minor who in turn gave the alcohol to Schooley. We conclude it can and affirm the decision of the Court of Appeals.

STATEMENT OF THE CASE
On August 25, 1989, Russell Bowser invited five of his friends, all of whom were under 21, over for a party while his parents were out of town. Everyone at the party wanted beer so Bowser, then 19, Lori Schooley, then 18, and the others decided to pool their money and purchase beer. They drove to Pinch's Deli and Bowser and two others entered the store to buy beer. Schooley and the others remained in the car. Bowser purchased four cases of beer. He was not asked to produce identification when purchasing the beer.
After purchasing the beer, Bowser, Schooley, and the others returned to Bowser's house. Schooley drank two or three beers and then consumed an unknown quantity while playing a drinking game with the others. Later, Bowser and one of the other boys carried Schooley to the pool to throw her in. She asked them if she could strip down to her swimsuit, which she had on underneath her clothes, before they threw her in. The boys let her down and she took off her clothes. However, before they could throw her in she dove into the water. The pool was only two feet deep where Schooley dove and consequently she fractured her spinal cord and is now quadriplegic.
Schooley sued Pinch's Deli for damages for negligently selling alcohol to minors. The trial court granted Pinch's motion for summary judgment. In a published opinion, Division Two of the Court of Appeals reversed the trial court's order and remanded for trial. Schooley v. Pinch's Deli Market, Inc., 80 Wash.App. 862, 912 P.2d 1044 (1996). Pinch's Deli filed a petition for review in this court and review was granted.

VENDOR LIABILITY FOR THE SALE OF ALCOHOL TO MINORS
After Congress repealed Prohibition in 1933, the Washington Legislature passed the Washington alcoholic beverage control (WABC) act, also known as the Washington State Liquor Law. RCW 66.04.010-.98.100. In part, this Act prohibits selling alcohol to any minor, or giving or otherwise supplying liquor to any minor. RCW 66.44.270, .320. The WABC Act defines a minor as anyone under the age of 21. RCW 66.44.270, .320. The Legislature explicitly provided for criminal sanctions for violations of the WABC Act. RCW 66.44.180.
Although the Legislature was silent on the issue of civil liability, this court has recognized *752 that the criminal provisions of the WABC Act may create a minimum standard of conduct for a reasonable person. This court has recognized that RCW 66.44.320, which prohibits vendors from selling alcohol to minors, creates a standard of care that when breached can be considered by the trier of fact as evidence of negligence. Purchase v. Meyer, 108 Wash.2d 220, 737 P.2d 661 (1987); see also Young v. Caravan Corp., 99 Wash.2d 655, 663 P.2d 834, 672 P.2d 1267 (1983).[1]
The issue presented in this case is one of first impression in the State of Washington. To date, we have found that an injured intoxicated minor purchaser and third persons injured by the intoxicated minor purchaser both have a cause of action in negligence against the vendor who sold alcohol to the minor. See Purchase, 108 Wash.2d at 228, 737 P.2d 661; Young, 99 Wash.2d at 660, 663 P.2d 834. In this case, however, a somewhat different scenario has occurred; a third person minor who obtained alcohol from a minor purchaser was injured. Thus, the issue here is whether a vendor who sells alcohol to a minor who subsequently furnishes the alcohol to another minor can be held liable for foreseeable alcohol related injuries arising from the initial sale of alcohol.
In order to prove actionable negligence, a plaintiff must establish the existence of a duty, a breach thereof, a resulting injury, and proximate causation between the breach and the resulting injury. Pedroza v. Bryant, 101 Wash.2d 226, 228, 677 P.2d 166 (1984). Proximate causation has two elements: cause in fact and legal causation. Petersen v. State, 100 Wash.2d 421, 435, 671 P.2d 230 (1983); King v. City of Seattle, 84 Wash.2d 239, 249, 525 P.2d 228 (1974).
Pinch's Deli makes two principal arguments regarding liability for Schooley's injuries. First, Petitioner argues it did not owe a duty of care to Schooley because she is not within the class of persons protected by the statute. Second, Petitioner argues that even if a duty of care was owed to Schooley, the sale of alcohol was not the legal cause of her injuries. Petitioner contends Schooley's injuries are too remote and that the legal consequences of the sale to the first minor should not extend to injuries resulting from subsequent transfers of the purchased alcohol.

DUTY OF CARE
We turn first to the contention that Schooley is not within the class of persons protected by the statute. In a negligence action the threshold question is whether the defendant owes a duty of care to the injured plaintiff. Kelly v. Falin, 127 Wash.2d 31, 36, 896 P.2d 1245 (1995). The existence of a legal duty is a question of law. Hansen v. Friend, 118 Wash.2d 476, 479, 824 P.2d 483 (1992). To determine whether a duty of care exists based upon a statutory violation this court has adopted the Restatement test, which, among other things, requires that the injured person be within the class of persons the statute was enacted to protect. Hansen, 118 Wash.2d at 480, 824 P.2d 483; Restatement (Second) of Torts § 286 (1965).[2]
We look to the language of the statute to ascertain whether the plaintiff is a member of the protected class. See Hansen, 118 Wash.2d at 481, 824 P.2d 483 (because Keith Hansen was a minor when he was furnished alcohol he was a part of the protected class of RCW 66.44.270, which prohibits any person from giving alcohol to a minor). *753 When a duty is found to exist from the defendant to the plaintiff then concepts of foreseeability serve to define the scope of the duty owed.[3]Burkhart v. Harrod, 110 Wash.2d 381, 395, 755 P.2d 759 (1988); Hansen, 118 Wash.2d at 484, 824 P.2d 483; Christen v. Lee, 113 Wash.2d 479, 492, 780 P.2d 1307 (1989).
The WABC Act explicitly prohibits commercial vendors from "sell[ing] any intoxicating liquor to any minor." RCW 66.44.320; see also RCW 66.44.270(1) ("[i]t is unlawful for any person to sell ... liquor to any person under the age of twenty-one years..."). Washington's policy prohibiting the sale of alcohol to minors is firm and comprehensive. See, e.g., RCW 66.16.040 (illegal for state liquor stores to sell alcohol to minors); RCW 66.44.190 (liquor sales on the grounds of University of Washington are prohibited); RCW 66.44.310 (illegal to serve a minor or allow a minor to remain in any area classified by the Board as off-limits).
Petitioner argues that the statute protects only the immediate minor purchaser, and not other third person minors who may receive the liquor from the minor purchaser. While the legislation focuses primarily on the minor purchaser, the notion that the prohibition against selling liquor to minors imposes a duty toward persons other than the minor purchaser is not a new concept. In Purchase, we found that third persons injured by a minor purchaser have a cause of action against the liquor vendor stating the vendor's duty extends not only to the minor purchaser but "to members of the general public as well." Purchase, 108 Wash.2d at 228, 737 P.2d 661. To conclude that the commercial vendor's duty extends to third persons whom the minor purchaser injures but not minors with whom the alcohol was shared would be an arbitrary distinction not supported by the recognized purpose of the statute.
We have repeatedly emphasized that "persons under 21 years of age are neither physically nor mentally equipped to handle the consumption of intoxicating liquor." Young, 99 Wash.2d at 660, 663 P.2d 834; Kelly, 127 Wash.2d at 40, 896 P.2d 1245. The recognized purpose of legislation prohibiting the sale of alcohol to minors is to protect minors' health and safety interests from their "own inability to drink responsibly" and to protect against the particular hazard of "alcohol in the hands of minors." Hansen, 118 Wash.2d at 481-82, 824 P.2d 483. Because minors who drink commonly do so with other minors, protecting all those injured as a result of the illegal sale of alcohol to minors is the best way to serve the purpose for which the legislation was created, to prevent minors from drinking. Thus, we find that Schooley is part of the protected class.
Petitioner next contends that, although underage, Schooley does not need the protection of the statute. Petitioner cites no authority for this proposition, arguing only that Schooley's history of alcohol consumption supports the conclusion that unlike other minors who are neither physically nor mentally equipped to handle the consumption of alcohol she had been intoxicated before and was well aware of the effects of alcohol. This argument is without merit. The statute does not provide for such an exception, and, moreover, it is illogical to assume the Legislature would implicitly intend to carve out an exception and allow vendors of alcohol to sell intoxicating liquor to minors who are "experienced" drinkers. Such a conclusion is in direct contradiction to the policy behind the statute that minors as a class are not physically or mentally equipped to handle the consumption of alcohol. Hansen, 118 Wash.2d at 481, 824 P.2d 483.
*754 As we found, Schooley is within the protected class and foreseeability serves to define the scope of the duty owed. Id. at 483, 824 P.2d 483; see also Christen, 113 Wash.2d at 491, 780 P.2d 1307 (recognizing that the concept of foreseeability limits the scope of the duty owed). Where harm to a person protected by a statute is a foreseeable result of the statute's violation, liability may be imposed. Id. Foreseeability is used to limit the scope of the duty owed because actors are responsible only for the foreseeable consequences of their acts. Burkhart, 110 Wash.2d at 395, 755 P.2d 759. Foreseeability is normally an issue for the trier of fact and will be decided as a matter of law only where reasonable minds cannot differ. Christen, 113 Wash.2d at 492, 780 P.2d 1307; Hansen, 118 Wash.2d at 483, 824 P.2d 483.
Pinch's Deli argues that, as a matter of law, its conduct did not create foreseeable risk to Schooley because it did not sell alcohol directly to her. We disagree and find that reasonable minds could conclude that a minor purchasing substantial amounts of alcohol would share that alcohol with friends. Thus, it is a question for the jury as to whether under these facts it was foreseeable that the alcohol would be shared with others. Factors that may be considered include, but are not limited to, the amount and character of the beverages purchased, the time of day, the presence of other minors on the premises or in a vehicle, and statements made by the purchaser. See Anderson v. Moulder, 183 W.Va. 77, 394 S.E.2d 61, 73 (1990).
Additionally, the trier of fact must determine whether the harm sustained in this case, diving into the shallow end of a pool, was foreseeable. "`[T]he harm sustained must be reasonably perceived as being within the general field of danger covered by the specific duty owed by the defendant.'" Hansen, 118 Wash.2d at 484, 824 P.2d 483 (quoting Christen, 113 Wash.2d at 492, 780 P.2d 1307). In Hansen, the defendant argued that the duty owed to the plaintiff should be limited only to those minors who drive while intoxicated and not to minors who drown as a result of intoxication. Id. at 483, 824 P.2d 483. We found that many minors do not drive; thus, it was for the trier of fact to determine whether drowning as result of the intoxication was foreseeable. Id. Likewise, it is for the trier of fact to determine if Schooley's injuries were foreseeable.
Thus, we find Schooley is part of the protected class and the jury must determine whether her injuries were a foreseeable result of Pinch's illegal sale of alcohol.

PROXIMATE CAUSATION
Petitioner argues that even if it owed a legal duty to Schooley, it was not the legal cause of her injuries. Proximate causation is divided into two elements: cause in fact and legal causation. King, 84 Wash.2d at 249, 525 P.2d 228. "Cause in fact" refers to the actual, "but for," cause of the injury, i.e., "but for" the defendant's actions the plaintiff would not be injured. Id. Establishing cause in fact involves a determination of what actually occurred and is generally left to the jury. Id. at 250, 525 P.2d 228. Unlike factual causation, which is based on a physical connection between an act and an injury, legal cause is grounded in policy determinations as to how far the consequences of a defendant's acts should extend. Thus, where the facts are not in dispute, legal causation is for the court to decide as a matter of law. Id.
The focus in the legal causation analysis is whether, as a matter of policy, the connection between the ultimate result and the act of the defendant is too remote or insubstantial to impose liability. A determination of legal liability will depend upon "`mixed considerations of logic, common sense, justice, policy, and precedent.'" Id. at 250, 525 P.2d 228 (quoting 1 Thomas Atkins Street, Foundations of Legal Liability 100, 110 (1906)).
The Court of Appeals indicates the analysis involved [in whether a duty is owed to the plaintiff and whether the defendant's actions were the legal cause of the injuries to the plaintiff] is identical. The Court of Appeals goes so far in this case to state that if a duty of care is owed to the plaintiff then legal causation is automatically satisfied. Schooley, 80 Wash.App. at 876-77, 912 P.2d 1044.
*755 This court has recognized that the issues regarding whether duty and legal causation exist are intertwined. See Taggart v. State, 118 Wash.2d 195, 226, 822 P.2d 243 (1992); Hartley v. State, 103 Wash.2d 768, 779, 698 P.2d 77 (1985). This is so because some of the policy considerations analyzed in answering the question whether a duty is owed to the plaintiff are also analyzed when determining whether the breach of the duty was the legal cause of the injury in question. However, a court should not conclude that the existence of a duty automatically satisfies the requirement of legal causation. This would nullify the legal causation element and along with it decades of tort law. Legal causation is, among other things, a concept that permits a court for sound policy reasons to limit liability where duty and foreseeability concepts alone indicate liability can arise.
Quoting Hartley, the Court of Appeals states "`[i]t is quite possible, and often helpful, to state every question which arises in connection with `proximate cause' [legal causation] in the form of a single question: was the defendant under a duty to protect the plaintiff against the event which did in fact occur?'" Schooley, 80 Wash.App. at 876, 912 P.2d 1044 (alteration in original) (quoting Hartley, 103 Wash.2d at 779, 698 P.2d 77). However, this quote was taken from an excerpt from Prosser and Keaton on Torts and must be read in context.
It is quite possible, and often helpful, to state every question which arises in connection with "proximate cause" [legal causation] in the form of a single question: was the defendant under a duty to protect the plaintiff against the event which did in fact occur? Such a form of statement does not, of course, provide any answer to the question, or solve anything whatever; but it does serve to direct attention to the policy issues which determine the extent of the original obligation and of its continuance, rather than to the mechanical sequence of events which goes to make up causation in fact.
Hartley, 103 Wash.2d at 779-80, 698 P.2d 77 (alteration in original) (quoting William L. Prosser, The Law of Torts 244-45 (4th ed.1971)). The court in Hartley went on to state that "`whether liability should attach is essentially another aspect of the policy decision which we confronted in deciding whether the duty exists.'" Id. at 780, 698 P.2d 77 (quoting Harbeson v. Parke-Davis, Inc., 98 Wash.2d 460, 476, 656 P.2d 483 (1983)).
Thus, it is apparent that in some cases the policy considerations involved in determining whether a duty is owed to the plaintiff will be revisited in deciding whether legal causation is established. However, this does not mean that once a court finds a duty exists it need not analyze legal causation or that the result will automatically be the same. Thus, legal causation should not be assumed to exist every time a duty of care has been established.
Turning to the present case, Washington's policy regarding minors and alcohol is clear. It is illegal to sell minors alcohol and if a vendor breaches this duty it will be responsible for the foreseeable injuries which result. Legislation prohibiting the sale of alcohol to minors was enacted to protect minors' health and safety interests against the effects of alcohol. See Hansen, 118 Wash.2d at 481, 824 P.2d 483.
Petitioner's main argument as to why it was not the legal cause of Schooley's injuries is that her injuries are too remote and that the legal consequences of the sale of alcohol to the first minor should not extend to minors who share the alcohol with the minor purchaser. The only policy reason given by Petitioner is the fear of unlimited liability, arguing once a vendor has sold the alcohol it has no control over ensuing events.
The alcohol vendor, however, has full control at the point of sale. The duty is not onerous, all the vendor has to do is ask the purchaser for valid identification in order to verify that he or she is of legal age to purchase alcohol. See RCW 66.20.180. Moreover, the alcohol vendor has within its own control the power to immunize itself from liability for a minor's alcohol-related conduct. If, after a purchaser presents identification, the vendor still has doubts about the purchaser's age the vendor can fill out and have the purchaser sign a certification card complying with RCW 66.20.190. If the vendor completes these simple steps, but, *756 nevertheless, the minor purchases alcohol, the vendor is immune from any criminal or civil liability regarding the sale of alcohol to the minor.
Additionally, even if an alcohol vendor sells alcohol to a minor in violation of the law, other legal concepts exist to prevent Petitioner's fear of unlimited liability. First, foreseeability serves to limit liability by only holding persons liable for the foreseeable consequences of their actions. See Burkhart, 110 Wash.2d at 395, 755 P.2d 759. Thus, an alcohol vendor will be responsible only for the foreseeable consequences of its negligent sale of alcohol.
Second, a minor who purchases, possesses, or consumes alcohol is also in violation of the law and may be found to be contributorily negligent. Hansen, 118 Wash.2d at 484, 824 P.2d 483; Young, 99 Wash.2d at 661, 663 P.2d 834; RCW 66.44.270(2).[4] Moreover, if the minor's intoxication results in that person being more than 50 percent at fault for his or her own injuries then no recovery is allowed. Hansen, 118 Wash.2d at 484, 824 P.2d 483; RCW 5.40.060.[5]
Finally, the doctrine of superseding cause serves as a significant limitation on a commercial vendor's liability. A defendant's negligence is a proximate cause of the plaintiff's injury only if such negligence, unbroken by any new independent cause produces the injury complained of. Maltman v, Sauer, 84 Wash.2d 975, 982, 530 P.2d 254 (1975). When an independent intervening act of a third person is one which was not reasonably foreseeable then there is a break in the causal connection between the defendant's negligence and the plaintiff's injury. State v. McAllister, 60 Wash.App. 654, 660, 806 P.2d 772 (1991). Thus, it is evident that if a commercial vendor negligently sells alcohol the resulting liability will not be endless.
Next, citing Kelly, 127 Wash.2d 31, 896 P.2d 1245, Petitioner argues as a matter of policy that Pinch's should not be held liable for Schooley's irresponsible conduct. In Kelly, we found that RCW 66.44.200, which prohibits selling alcohol to an obviously intoxicated adult, was not intended to shield the drunk driver from responsibility for his or her own actions. Thus, the injured intoxicated adult had no cause of action against the vendor who sold him alcohol. Petitioner in this case argues that, although a minor, she was over the age of 18 and therefore an adult who, like the individual in Kelly, should be held responsible for her own actions.
Using this analysis to preclude liability would, however, lead to an illogical and insupportable result whereby alcohol vendors would be absolved of liability when they sell alcohol to persons between the ages of 18 and 21. The Legislature has not created such an exception for those 18 and older. In fact, in Kelly, this court emphasized the distinction between minors and adults in the context of commercial vendor liability.
[W]hile commercial vendors have a duty to minors and innocent bystanders, no duty arises when intoxicated adults harm themselves. The distinction between intoxicated adults and intoxicated minors is simple. The Legislature has determined that, unlike adults, "persons under 21 years of age are neither physically nor mentally equipped to handle the consumption of intoxicating liquor."
Kelly, 127 Wash.2d at 40, 896 P.2d 1245 (quoting Young, 99 Wash.2d at 660, 663 P.2d 834).
Petitioner's concern is better addressed as an argument that Schooley was contributorily negligent. As previously noted, the purchase and consumption of alcohol by a person under the age of 21 is illegal and a minor's violation of the statute may be introduced as evidence of that minor's contributory *757 negligence. Hansen, 118 Wash.2d at 484, 824 P.2d 483; Young, 99 Wash.2d at 661, 663 P.2d 834; RCW 66.44.270(2). The issue of contributory negligence is a question for the jury. See Hansen, 118 Wash.2d at 484, 824 P.2d 483. Thus, in this case, whether Schooley's own actions constitute contributory negligence is an question for the jury.
Finding Petitioner's arguments unpersuasive we conclude that legal cause is satisfied in this case. The injury suffered is not so remote as to preclude liability and the policy considerations behind the legislation are best served by holding vendors liable for the foreseeable consequences of the illegal sale of alcohol to minors. The policy behind the prohibition was not intended to protect only the one minor who purchases the alcohol. Minors often share alcohol with others and this prohibition was intended to also protect those minors which share in the fruits of the illegal sale. We find that summary judgment should not have been granted in this case and affirm the decision of the Court of Appeals.
DURHAM, C.J., and SMITH, GUY, JOHNSON, ALEXANDER and TALMADGE, JJ., concur.
DOLLIVER, J., concurs in result only.
SANDERS, Justice (dissenting).
I disagree. Schooley is not within the class of persons protected by the statute and I dissent on that basis.
The issue is whether a remote transferee of alcohol unlawfully sold to another minor may maintain an action against the original vendor where the subsequent transfer was foreseeable.
As the majority opines, the remote transferee (Schooley) must be within the class of persons to whom the original vendor owes a duty for there to be a cause of action on the part of the transferee against the vendor for breach of that duty. I agree with the majority that "[w]e look to the language of the statute to ascertain whether the plaintiff is a member of the protected class," Majority at 752 (citing Hansen v. Friend, 118 Wash.2d 476, 481, 824 P.2d 483 (1992)), but I can find no statutory liability imposed on the vendor for the subsequent transfer to Schooley, let alone vendor responsibility for injuries sustained by Schooley due to her own consumption of alcohol.
The relevant statutes, RCW 66.44.320 and.270, prohibit the sale of alcohol to minors and impose penalties on vendors for sales by the vendors which violate these statutes. Given this I agree with that portion of the dissent in Reynolds v. Hicks, 134 Wash.2d 491, 951 P.2d 761 (1998) (Johnson, J., dissenting), a companion case, which appropriately focuses our attention on the point of sale or transfer for the purpose of imposing civil liability:
The Legislature, in criminalizing the act of furnishing or selling alcohol to a minor, has declared that act as the point on which to focus in the causal chain of underage drunk driving. The Legislature has directed us to view the point at which a minor is furnished or sold alcohol as the significant event from which consequences flow.
Id., 951 P.2d at 767.
These statutes do not purport to penalize the vendor for a subsequent sale or transfer from the original purchaser (adult or minor) to a subsequent minor transferee. Notwithstanding, the majority imposes civil liability under circumstances where the statutes impose no criminal liability. Such result is not based on the language of the statute, but is in spite of it. Compare Hostetler v. Ward, 41 Wash.App. 343, 704 P.2d 1193 (1985) (no violation of statute if minor consumes alcohol outside control of vendor), review denied, 106 Wash.2d 1004 (1986); Halvorson v. Birchfield Boiler, Inc., 76 Wash.2d 759, 762, 458 P.2d 897 (1969) (no common law liability against seller of intoxicating beverages).
I accept the majority's claim that the propriety of its holding depends upon appropriate application of those principles set forth in the Restatement of Torts, but I disagree with how the majority applies these principles. The Restatement (Second) of Torts § 286, at 25 (1965) provides:

*758 When Standard of Conduct Defined by Legislation or Regulation Will Be Adopted
The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part
(a) to protect a class of persons which includes the one whose interest is invaded, and
(b) to protect the particular interest which is invaded, and
(c) to protect that interest against the kind of harm which has resulted, and
(d) to protect that interest against the particular hazard for which the harm results.
(Emphasis added.) See also Hansen, 118 Wash.2d at 480-81, 824 P.2d 483.
We previously applied this section to hold a minor, injured as a result of liquor unlawfully obtained from an adult, may maintain an action against that adult because the person and the particular interest of the minor falls within the protection of the statute. We then defined the statutory "interest" to be protection of the minor's health and safety "from the minor's own inability to drink responsibly." Hansen, 118 Wash.2d at 481, 824 P.2d 483 (citing Young v. Caravan Corp., 99 Wn.2d 655, 660, 663 P.2d 834, 672 P.2d 1267 (1983), superseded by statute in Mathis v. Ammons, 84 Wash.App. 411, 928 P.2d 431 (1996), and Callan v. O'Neil, 20 Wash.App. 32, 39, 578 P.2d 890 (1978)). See also Reynolds v. Hicks, 951 P.2d at 767 (Wash.1998) (statute "protects minors from their own injuries as a result of their intoxication"); Crowe v. Gaston, 134 Wash.2d 509, 521, 951 P.2d 1118 (1998) (Statute "was enacted to protect minors from injuries resulting from their own abuse of alcohol...."). Cf. Estate of Kelly v. Falin, 127 Wash.2d 31, 37, 896 P.2d 1245 (1995) (vendors "may be sued for injuries resulting from a minor's intoxication." (Emphasis added)). And we have further limited persons to whom that duty is owed by excluding assault victims of an intoxicated minor unlawfully served by the vendor. Christen v. Lee, 113 Wash.2d 479, 780 P.2d 1307 (1989) (statute does not create duty to victims of minor's assaultive conduct).
Purchase v. Meyer, 108 Wash.2d 220, 737 P.2d 661 (1987) held a third person injured as a result of an automobile collision with an under-the-influence minor may also maintain a cause of action against the commercial vendor who originally, and unlawfully, sold alcohol to the minor. Purchase broadly opines:
The duty imposed by that statute is not owed to minors alone, but to members of the general public as well.
Id. at 228, 737 P.2d 661. However, again the interest was preventing minors from injuring themselves or others because they had too much to drink.
But such interest is lacking here because the transfer from Bowser to Schooley was not actually, or necessarily, the consequence of Bowser's consumption of alcohol. Rather it was the result of Bowser's intentional conduct wherein he transferred the alcohol to Schooley, which amounted to a wholly separate and independent violation of the statute, as well as Schooley's intentional conduct wherein she took the beer, possessed it, and consumed it in violation of her separate statutory duty.[1] "At common law, there is no duty to protect people in general from the criminal acts of third persons." Nivens v. 7-11 Hoagy's Corner, 133 Wash.2d 192, 199, 943 P.2d 286 (1997); Hutchins v. 1001 Fourth Ave. Assocs., 116 Wash.2d 217, 223, 802 P.2d 1360 (1991).
The weakness in the majority opinion is that it does not analyze whether the interest promoted by imposing civil liability on a vendor for a remote transfer from one minor to another, in separate violation of the statute, is the same or a different interest from that *759 advanced by the prohibition against the unlawful original sale to the first purchaser. Rather the majority substitutes foreseeability for identification of the particular interest (Majority at 754), the same practice which the majority appropriately criticizes when undertaken by the Court of Appeals. "The Court of Appeals erroneously states that the protected class is defined by foreseeability.... [T]he court must first determine those persons protected by the statute. Only after the court defines the protected class will the jury then determine whether the injury to the plaintiff was foreseeable." Majority at 753 n. 3 (citing Hansen, 118 Wash.2d at 483-84, 824 P.2d 483).
I conclude that Schooley cannot recover against the vendor as a matter of law because the "particular interest" element (minor's own inability to drink responsibly) is not implicated in the act of a subsequent transfer to a minor by another minor and, therefore, vendor liability does not survive the second transfer. Illustration number 3 under section 286 of the Restatement (Second) of Torts also illustrates this case:
3. A Factory Act requires persons operating or leasing buildings for factory purposes to keep the buildings in safe repair. A leases his factory to B. A fails to repair the roof. In consequence it falls, injuring C, one of B's employees. The fall of the roof causes the factory to close for a month, thus depriving D, another employee of B, of his employment. The statute establishes a standard of conduct as to C's injuries, but not as to D's loss of employment.
Id. at 28. Here, A wrongfully transfers to B, subverting the public interest to protect underaged drinkers from the evils of alcohol consumption. However, B (Bowser) then transfers in violation of law to C (Schooley), who drinks, and is consequently injured. The statute here establishes an interest as to B's injuries, but no interest in B's transfer to C, much less C's injuries which are subsequent to that transfer resulting from her own actions.
If this statute serves to protect minors and their victims from the negative consequences of underage consumption of alcohol, and a vendor's sale to a minor is cause for the vendor to be held liable on that basis, such is no reason to hold the vendor liable to the remote minor transferees of a minor purchaser any more than it would be to hold the vendor liable to the foreseeable remote minor transferee of an adult purchaser.
Notwithstanding general language that the vendor's duty is owed to "members of the general public," Purchase, 108 Wash.2d at 228, 737 P.2d 661, we did not mean this statement to justify imposition of liability on the vendor for the adverse consequences attendant to a lawful sale to an adult who then foreseeably transfers alcohol to a minor, e.g., even if the adult overtly announces to the vendor that he intends to purchase the alcohol for minors. Although injuries to the minor, or his victim, are foreseeable under such circumstances, the vendor owes no duty either to the minor or his victims because the vendor's sale to the adult is lawful and consequently no duty has been breached.[2] Were it literally true that the vendor owes a duty to "members of the general public," Purchase, 108 Wash.2d at 228, 737 P.2d 661, at least to the extent that his duty is to prevent alcohol transfers to minors, the vendor would be liable there as well. But he isn't. His duty is limited by his sale, not imposed because of a transfer by someone else.
By the same token the vendor owes no duty to the subsequent transferee of a minor to whom he unlawfully sold alcohol because he is not statutorily charged with responsibility for the subsequent sale (or transfer) to a minor nor does the subsequent sale (or transfer), per se, arise under the same interest protected (irresponsible underage drinking) through prohibition of the initial sale.
The majority's determination to extend the scope of vendor liability while limiting the same liability in a companion case with respect to social hosts is inconsistent. Compare Reynolds v. Hicks, 134 Wash.2d 491, 951 P.2d 761 (1998) (social hosts not liable to *760 victims of underaged drinkers unlawfully served). The holding here adds but further conceptual confusion to what at least one commentator has already accurately characterized as "a confusing assortment of holdings" on vendor and social host liability. Sheldon H. Jaffe, What a Long Strange Trip It's Been: Court-Created Limitations on Rights of Action for Negligently Furnishing Alcohol, 72 Wash. L.Rev. 595, 596 (1997).
Although RCW 66.44.270(3) excepts from its otherwise absolute prohibition against the transfer or sale of alcohol to a minor the alcohol supplied by a parent to a child "consumed in the presence of the parent or guardian," id., the same language which prohibits the vendor from selling, transferring, or "permitting" a minor to consume alcohol is equally applicable to the social host. Yet we hold the social host owes no duty to a third person injured by a minor when the social host unlawfully (i.e., not within the parental exception) serves the minor, opining that "expanding the protected class would lead to an illogical result whereby a person who did not violate RCW 66.44.270 would then be liable in negligence pursuant to the same statute." Reynolds, 951 P.2d at 765. But isn't that exactly the illogical result reached by the majority here?
In Reynolds the social host had in fact violated the statute by permitting a minor to consume alcohol at a wedding party, after which he injured a third person in an automobile accident. However, this court held the injured third party has no claim against the social host because the social host has no duty to the third person. In so holding we distinguished Purchase, which imposed such a duty against the vendor, claiming the distinction is well founded as "`[s]ocial hosts are not as capable of handling the responsibilities of monitoring their guests' alcohol consumption as are their commercial and quasi-commercial counterparts.'" Reynolds, 951 P.2d at 764 (quoting Burkhart v. Harrod, 110 Wash.2d 381, 386-87, 755 P.2d 759 (1988)).
But if the distinction is a good one, it is equally viable here because while the vendor controls the sale to minors in the first instance, it has no practical means to control any subsequent transfer from the original purchaser to a third person and, unlike irresponsible consumption, underaged persons are not inferred as statutorily disabled when it comes to transfers of alcohol to others. Most importantly, the statute imposes no responsibility, whatsoever, upon the original vendor for that remote transfer. Rather, the Legislature has seen fit to independently regulate the remote transfer to a third party so as to at least potentially hold Bowser criminally liable for transferring the alcohol to Schooley, and Schooley criminally liable for receiving and consuming it. However, the majority prefers to impose civil responsibility on one for the criminal misconduct of another in derogation of the general rule which requires each person to be responsible for his own, and only his own, criminal misconduct. Compare Nivens v. 7-11 Hoagy's Corner, 133 Wash.2d 192, 943 P.2d 286, and Hutchins v. 1001 Fourth Ave. Assocs., 116 Wash.2d 217, 802 P.2d 1360.
If the majority seriously believes that we should "look to the language of the statute to ascertain whether the plaintiff is a member of the protected class" (Majority at 752), I submit Pinch's Deli owes no legal duty to Schooley, because Pinch's Deli didn't sell to Schooley and the harm which befell her was not caused by intoxication of Pinch's Deli's underaged customer. Hence, Schooley was outside the statutory interest to be advanced. Under these circumstances the imposition of a duty on the vendor is not only beyond the scope of the statute (which should be determinative) but also undercuts the policy that young adults take personal responsibility to comply with the law and control their own conduct.
I would therefore affirm the trial court's dismissal of Schooley's complaint against Pinch's Deli because the deli did not sell the alcohol to Schooley, the deli is charged with no statutory responsibility for Schooley's obtaining the alcohol from one of the deli's patrons, and the statutory interest to protect the actual minor purchaser from his own irresponsible consumption was not implicated. Moreover, this rule, and only this rule, is *761 consistent with that choice we made in Estate of Kelly:
Given a choice between a rule that fosters individual responsibility and one that forsakes personal accountability, we opt for personal agency over dependency and embrace individual autonomy over paternalism.
Estate of Kelly, 127 Wash.2d at 42, 896 P.2d 1245.
Such was the right choice then, and it is the right choice now. I therefore dissent from any other.
NOTES
[1] The court in Young v. Caravan Corp., 99 Wn.2d 655, 663 P.2d 834, 672 P.2d 1267 (1983), found that a violation of RCW 66.44.320 constitutes negligence per se. In 1986, however, the Legislature changed the negligence per se doctrine to provide that a violation of a statutory duty may be considered by the jury only as evidence of negligence. RCW 5.40.050.
[2] Restatement (Second) of Torts § 286 (1965) provides:

"The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part
"(a) to protect a class of persons which includes the one whose interest is invaded, and
"(b) to protect the particular interest which is invaded, and
"(c) to protect that interest against the kind of harm which has resulted, and
"(d) to protect that interest against the particular hazard from which the harm results."
[3] The Court of Appeals erroneously states that the protected class is defined by foreseeability. Noting that the question of foreseeability is a question of fact for the jury, the court left the issue of whether Schooley falls within the protected class to the jury. The problem with this analysis is that the question of whether a particular individual is part of a statute's protected class is a question of law for the court, not the jury. Thus, the court must first determine those persons protected by the statute. Only after the court defines the protected class will the jury then determine whether the injury to the plaintiff was foreseeable. See Hansen v. Friend, 118 Wash.2d 476, 483-84, 824 P.2d 483 (1992) (after determining Hansen was part of the protected class of RCW 66.44.270(1) the court found the question of whether Hansen's death was foreseeable was a question for the jury).
[4] RCW 66.44.270(2)(a) provides: "It is unlawful for any person under the age of twenty-one years to possess, consume, or otherwise acquire any liquor."
[5] RCW 5.40.060 provides: "[I]t is a complete defense to an action for damages for personal injury or wrongful death that the person injured or killed was under the influence of intoxicating liquor ... at the time of the occurrence causing the injury or death and that such condition was a proximate cause of the injury or death and the trier of fact finds such person to have been more than fifty percent at fault ..."
[1] Compare Christen v. Lee, 113 Wash.2d 479, 780 P.2d 1307 (1989) (no vendor liability to victim of intoxicated minor's assaulteven though foreseeable) and Estate of Kelly v. Falin, 127 Wash.2d 31, 896 P.2d 1245 (1995) (commercial vendor has no civil liability to adult who was served after obvious intoxication). Although Bowser and Schooley were both underage drinkers, both were nevertheless "adults" for every other legal purpose. RCW 26.28.010.
[2] Compare statutes from other jurisdictions which sometimes prohibit even an "indirect" sale to a minor. See, e.g., Thompson v. Victor's Liquor Store, Inc., 216 N.J.Super. 202, 523 A.2d 269 (1987).