975 P.2d 518 (1999)
94 Wash.App. 816
Tracee L. RAIDER, now Hayes, Appellant,
v.
GREYHOUND LINES, INC., a Delaware Corporation, Respondent.
No. 17328-3-III.
Court of Appeals of Washington, Division 3.
February 2, 1999.
Publication Ordered March 23, 1999.
Gary R. Penar, Attorney At Law, Spokane, WA, Counsel for Respondent(s).
Curtis L. Shoemaker, Paine Hamblen Coffin Brooke & Miller, Spokane, WA, Counsel for Appellant(s).
Sherrie Wright (Appearing Pro Se), Official Court Transcriber, Spokane, WA, Counsel for Other Parties.
BROWN, J.
Tracee L. Raider (now Hayes) was injured in an apparent racially motivated shooting while an invitee in the Greyhound Lines, Inc., bus terminal in Spokane. Ms. Hayes sued Greyhound claiming breach of an "obligation to provide security" to her. Summary judgment *519 was granted to Greyhound. Ms. Hayes appealed. We affirm.

FACTS
Ms. Hayes, a Caucasian, entered the Greyhound bus terminal in Spokane to play video games in September 1992. Ms. Hayes, by chance, stood in line to get change near Miguel LeGrada, an African American man. A stranger, Chris Lindholm, who had recently disembarked a Greyhound bus, entered the lobby. Mr. Lindholm without warning took out a gun and began firing at Ms. Hayes and Mr. LeGrada. After the first shot, Mr. Lindholm called her a "nigger loving bitch" and then shot her again repeatedly.
The affidavits described the station as an area of high criminal activity, including prostitution, drugs, and a shooting two years earlier. Greyhound employed on-site security personnel but none were then on duty. Greyhound did not employ security checks or electronic security equipment on the premises.
Ms. Hayes filed suit claiming that Greyhound breached an "obligation to provide security." Greyhound conceded Ms. Hayes was an invitee. The trial court granted Greyhound's motion for summary judgment. Ms. Hayes appealed.

ANALYSIS
The issue is whether the trial court erred when granting summary judgment dismissing Ms. Hayes' claim of breach of an "obligation to provide security" for the criminal acts of a third person on the basis the harm was not imminent or reasonably foreseeable.
In reviewing a grant of summary judgment, an appellate court engages in the same inquiry as the trial court. Nivens v. 7-11 Hoagy's Corner, 133 Wash.2d 192, 197, 943 P.2d 286 (1997). This court reviews issues of law de novo. Id. at 198, 943 P.2d 286. A summary judgment may be granted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Id. The court considers the evidence and the reasonable inferences therefrom in a light most favorable to the nonmoving party. Id. While fact questions are generally left for a jury, when reasonable minds could reach but one conclusion a court may decide the question as a matter of law. Ruffer v. St. Frances Cabrini Hosp., 56 Wash.App. 625, 628, 784 P.2d 1288, review denied, 114 Wash.2d 1023, 792 P.2d 535 (1990).
A business has no per se duty to employ security personnel to protect business invitees. Nivens, 133 Wash.2d at 206, 943 P.2d 286. Thus, Ms. Hayes's claim depends on whether Greyhound violated its more general duty to protect its business invitees. "[A] business owes a duty to its invitees to protect them from imminent criminal harm and reasonably foreseeable criminal conduct by third persons." Id. at 205, 943 P.2d 286.
To be foreseeable, the harm must lie within the general field of danger covered by specific duty owed by the defendant. Schooley v. Pinch's Deli Market, Inc., 134 Wash.2d 468, 478, 951 P.2d 749 (1998); see Wilbert v. Metropolitan Park Dist., 90 Wash. App. 304, 308, 950 P.2d 522 (1998). Although foreseeability is normally a jury question, a criminal act may be unforeseeable as a matter of law if the occurrence is "`so highly extraordinary or improbable as to be wholly beyond the range of expectability.'" Niece v. Elmview Group Home, 131 Wash.2d 39, 50, 929 P.2d 420 (1997); Johnson v. State, 11 Wash.App. 934, 942, 894 P.2d 1366, review denied, 127 Wash.2d 1020, 904 P.2d 299 (1995).
Where there is no evidence that the defendant knew of the dangerous propensities of the individual responsible for the crime and there is no history of such crimes on the premises, courts have held the criminal conduct unforeseeable as a matter of law. Wilbert, 90 Wash.App. at 309, 950 P.2d 522. On the other hand, where there is a history of similar violence on the premises or the defendant knew that the third party was dangerous, foreseeability becomes a question for the jury. Id. In Wilbert, a guest was shot and killed at a dance held on a rented premises and the victim's family sued the owner of the premises. Division Two held that as a matter of law the shooting was not foreseeable. *520 Id. at 310, 950 P.2d 522. The court reasoned that the plaintiffs "offered no evidence that [the owner] knew of the violent propensities of the assailant or that there had been similarly violent episodes at the Center in the past." Id. at 309, 950 P.2d 522.
The case at hand is analogous. First, there is no evidence that Greyhound knew or had reason to know that Mr. Lindholm was likely to assault Ms. Hayes or that similar racially motivated conduct had occurred. Second, although Ms. Hayes introduced affidavits that showed the bus terminal was a high crime area, there is no indication that Mr. Lindholm's attack bore any relationship or similarity to the past crimes. Rather, the evidence suggests Mr. Lindholm's action was racially motivated: neither Ms. Hayes nor Mr. LeGrada knew Mr. Lindholm and when he attacked Ms. Hayes he called her a "nigger-loving bitch." Thus, reasonable minds could reach but one conclusion, the criminal conduct was not imminent or reasonably foreseeable to come within the duty described in Nevins. Therefore, we conclude the trial court did not err.
Affirmed.
SCHULTHEIS and KATO, JJ., concur.