Kenneth FLEMING, Plaintiff,

and

R.K., Plaintiff—Appellant,

v.

CHURCH OF LATTER DAY SAINTS, a Utah corporation sole also known as Mormon Church, Defendant—Appellee.

No. 06–36042.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2008.

Filed April 23, 2008.

---

\* The Honorable Michael W. Mosman, United States District Judge for the District of Oregon, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Michelle A. Menely, Esq., Michael T. Pfau, Esq., Gordon Thomas Honeywell Malanca Peterson & Daheim, Seattle, WA, for Plaintiff–Appellant.

Jeffrey I. Tilden, Esq., Charles C. Gordon, Esq., Michael Rosenberger, Esq., Gordon Murray Tilden, LLP, Seattle, WA, for Defendant–Appellee.

---

\* The Honorable Joseph M. Hood, Senior U.S. District Judge for Eastern District of Kentucky, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: BEA and M. SMITH, Circuit Judges, and HOOD \*, Senior District Judge.

## MEMORANDUM \*\*

Plaintiff-appellant R.K. appeals from the district court's final judgment against defendant-appellee Corporation of the President of the Church of Jesus Christ of Latter–Day Saints ("COP") in the amount of $87,500, and the order denying R.K.'s motion for a new trial. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

R.K. contends the district court erred in instructing the jury to segregate damages caused by Jack Loholt, who sexually abused R.K., from damages caused by COP's negligence in allowing this abuse to occur. The state law of Washington governs this diversity case. In *Tegman v. Accident & Medical Investigations, Inc.*, 150 Wash.2d 102, 75 P.3d 497 (2003), the Washington Supreme Court held that under Washington Revised Code ("RCW") 4.22.070, damages resulting from intentional acts must be segregated from those resulting from negligence, and negligent defendants can be held jointly and severally liable only for the damages resulting from their negligence. *Id.* at 497. After the instant appeal was filed, the Washington Court of Appeals applied *Tegman* in a sexual abuse case strikingly similar to this one. *Doe v. Corp. of the President of The Church of Jesus Christ of Latter–Day Saints*, 141 Wash.App. 407, 167 P.3d 1193 (2007). In *Doe*, the court held that under *Tegman*, damages resulting from the intentional acts of a sexual abuser must be

1. Because the facts are known to the parties, we recite them only as necessary.

segregated from damages resulting from COP's negligence in allowing the sexual abuse to occur, and COP could be held liable only for the damages resulting from its negligence. *Id.* at 438, 167 P.3d 1193. R.K. cites no meaningful distinction between this case and *Tegman* and *Doe.*

Accordingly, we conclude the district court did not err in instructing the jury to segregate damages under *Tegman.*

R.K. contends that unlike the negligent tortfeasors in *Tegman,* COP's negligence was the proximate cause of his damages. The negligent tortfeasors in *Tegman,* however, also proximately caused the plaintiff's damages. *See, e.g., Tegman,* 75 P.3d at 500 ("This case presents the situation where both negligent and intentional acts caused the plaintiff's harm, and requires us to determine the nature of a negligent defendant's liability in these circumstances[.]"). In *Doe,* the Washington Court of Appeals rejected a causation argument similar to that raised by R.K. here. *Doe,* 141 Wash.App. at 438–39, 167 P.3d 1193.

R.K. contends the application of *Tegman* in this case conflicts with the Washington Supreme Court's earlier holding in *Welch v. Southland Corp.,* 134 Wash.2d 629, 952 P.2d 162 (1998). The dissent in *Tegman* made a similar argument, *Tegman,* 75 P.3d at 507–08 (Chambers, J., dissenting), which the majority rejected. Under the majority holding in *Tegman, Welch* governs only the apportionment of fault between intentional and negligent tortfeasors (which is not permitted under RCW 4.22.070(1)), not the apportionment of *damages* between intentional and negligent tortfeasors (which *Tegman* held is required under RCW 4.22.070(1)(b)). *Tegman,* 75 P.3d at 503. Here, the district court instructed the jury to segregate damages.

Citing a pre-*Tegman* decision by the Washington Supreme Court, *Cox v. Spangler,* 141 Wash.2d 431, 5 P.3d 1265 (2000),

R.K. contends the damages claimed in this case are indivisible, and thus cannot be segregated under *Tegman.* The damages in *Tegman,* however, were also indivisible, and the Court held they must be segregated nevertheless. *See Tegman,* 75 P.3d at 504. Moreover, in *Doe,* the Washington Court of Appeals rejected the same claim advanced by R.K. here; *i.e.,* that indivisible damages cannot be segregated under *Tegman. Doe,* 141 Wash.App. at 440–41, 167 P.3d 1193. In doing so, the court quoted and expressly approved the reasoning of the district court in this case. *Id.*

R.K. contends *Tegman* is inapplicable in this case because Loholt, the intentional tortfeasor, was not named as a defendant in the action. The Court in *Tegman,* however, did not limit its holding to the intentional acts of named defendants. To the contrary, the Court held negligent tortfeasors could not be held liable for "*any damages* due to intentional acts[.]" *Tegman,* 75 P.3d at 505 (emphasis added).

R.K. contends the application of *Tegman* in this case violates the doctrine of superseding and intervening cause, under which a negligent defendant is liable for all reasonably foreseeable harm that flows from his negligent acts, and can avoid liability only if an "independent, intervening act of a third person ... which was not reasonably foreseeable" occurs. *Schooley v. Pinch's Deli Market,* 134 Wash.2d 468, 951 P.2d 749, 756 (1998). This doctrine, however, applies only to the determination of whether the proximate cause element of a plaintiff's negligence claim has been satisfied, *see id.* at 749; it is inapplicable to the segregation of damages.

Finally, R.K. contends the application of *Tegman* in this case violates Washington's well-established public policy of preventing child abuse. This court, however, is bound by the Washington Supreme Court's holding in *Tegman,* and cannot render a con-

trary decision based on general policy concerns.

**AFFIRMED.**

For the reasons discussed above, R.K.'s motion to certify questions to the Washington Supreme Court is DENIED.