**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

PACIFIC BORING, INC., a California corporation,

       Plaintiff-Appellant,

v.

STAHELI TRENCHLESS
CONSULTANTS, INC., a Washington
corporation, and KIMBERLIE STAHELI
LOUCH, P.E., Ph.D, individually,

       Defendants-Appellees.

</td><td>

No.   15-35837

D.C. No. 2:14-cv-00187-RSM

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Argued and Submitted December 6, 2017
Seattle, Washington

Before: O'SCANNLAIN, TALLMAN, and WATFORD, Circuit Judges.

   **1.** The district court properly granted summary judgment to Staheli

Trenchless Consultants, Inc. (STC) and Kimberlie Staheli Louch (Staheli) on

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Pacific Boring, Inc.'s (PBI) professional negligence claims. Under Washington law, PBI may not recover in tort for economic injuries caused by a design professional's negligent plans. *See Berschauer/Phillips Constr. Co. v. Seattle Sch. Dist. No. 1*, 881 P.2d 986, 992–93 (Wash. 1994). PBI's reliance on *Affiliated FM Ins. Co. v. LTK Consulting Servs., Inc.*, 243 P.3d 521 (Wash. 2010), is misplaced. There, the Washington Supreme Court held that an engineer may be liable if her negligent design results in injuries to persons or property. *Id*. at 528. But PBI alleges economic harm based on construction delays and cost overruns, not physical injury. *Berschauer/Phillips* bars recovery for those damages, and that holding remains good law. *See id*. at 526 n.3.

**2.** The district court properly denied PBI's cross-motion for partial summary judgment on the preclusive effect of the state court's rulings.

On appeal, PBI contends that two of the four factors Washington courts require before applying issue preclusion—a final judgment on the merits and a determination that it would not be unjust to apply preclusion—are not present. This argument is unpersuasive.

The state court proceeding resulted in a final decision. Washington courts take a "pragmatic approach" to determine finality for the purposes of issue preclusion. *Cunningham v. State*, 811 P.2d 225, 228 (Wash. Ct. App. 1991). They

consider whether the parties were fully heard in the prior proceeding and whether the decision was deliberated, firm, supported by a reasoned opinion, and subject to appeal. *Id.* These factors support the conclusion that the state proceeding was final. While the state litigation was dismissed without prejudice and was not subject to appeal, the parties fully litigated each issue before the state court, the court dismissed PBI's claims with prejudice, and it explained its reasoning on the record.

Nor would it be unjust to apply issue preclusion. In assessing the injustice element of the issue preclusion analysis, Washington courts focus on the procedural fairness of the prior proceeding. *Thompson v. Dep't of Licensing*, 982 P.2d 601, 608 (Wash. 1999). PBI had a full and fair opportunity to present arguments regarding its contractual obligations. Nothing more than that is required to render it just to preclude PBI from relitigating issues decided by the state court on partial summary judgment.

**3.** The district court properly granted summary judgment to STC and Staheli on PBI's negligent misrepresentation claim. This claim fails because Staheli's statements did not proximately cause PBI's injuries. A defendant's act is not the legal cause of a plaintiff's injury if the connection between the act and harm is too attenuated to impose liability. *Schooley v. Pinch's Deli Mkt., Inc.*, 951 P.2d 749,

754 (Wash. 1998). That is the case here. After Staheli made the allegedly untrue statements, PBI assumed a legal duty to "dewater the work area as necessary," design an alternative boring method, and use the original auger boring plan if the alternative method proved infeasible. PBI's decision to accept these contractual obligations, and its failure to fulfill them, proximately caused its injuries. To the extent PBI claims that Staheli failed to disclose the risk of flowing soils, that argument fails for lack of legal causation as well. PBI did not give timely notice of the allegedly differing site conditions, as it was required to do under the bid contract. That failure is the legal cause of any injury PBI suffered due to flowing soils.

Contrary to PBI's argument, it could have satisfied its contractual obligations without risking injury to its workers. If, as PBI claims, it could not dewater along the open shield pipe jacking alignments because they ran under a wetland, Change Order 1 provided that PBI would complete the project using the original auger boring design. That design required PBI to bore along different alignments that did not run under wetlands. And if PBI dewatered those alignments as necessary, as it agreed to do when it accepted the terms of the bid contract, the auger boring method would not have posed a risk of injury to workers.

**AFFIRMED.**

Appellants shall bear the costs of appeal.  *See* Fed. R. App. P. 39(a)(2).