IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| SIGRID E. BRENDE, | No. 87659-7-I |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| CITY OF SEATTLE, a municipality, | |
| Respondent. | |

BOWMAN, A.C.J. — Sigrid Brende sued the city of Seattle (City) for negligence after sustaining significant injuries from a fall that occurred when she stepped onto a city street to access her legally parked car. The trial court dismissed Brende's lawsuit on summary judgment, reasoning that the City owed Brende no duty of care because she was outside of a legally marked crosswalk or sidewalk. Because Brende was not crossing the street and legal street parking necessarily invites a pedestrian to use a portion of the roadway as part of ordinary travel, we conclude the City owed Brende a duty of care. We reverse and remand for further proceedings.

FACTS

Brende worked at Columbia Lutheran Home located at 4700 Phinney Avenue North between North 48th Street and North 47th Street. Since 2017, Brende drove to work and regularly relied on street parking near her workplace.

On August 18, 2021, Brende legally parked her car on the south side of North 48th Street in front of Columbia Lutheran Home. Brende's parking location

that morning is shown with an "x" in the figure below, with a hand-drawn line tracking her walking route from her car to work.



Later that the day, Brende returned to her car to get her lunch and some paperwork from behind the driver's seat.  Brende walked to the driver's side of her car and saw "a hole in the ground" with "a bulging root coming out of it."  She tried to step over the hole but "clipped" it and fell.  The photo below shows the proximity of the same "hole" next to a car parked in the general area of where she fell.



Brende fell facedown and lost consciousness.  The Seattle Fire Department took her to the emergency room.

Brende suffered significant permanent injuries from the fall, including to her left knee and right wrist. She sued the City, alleging it "tortiously and negligently failed to construct, inspect, repair and maintain the street" where she fell. She also alleged that the City failed to warn her of the unsafe condition.

The City moved for summary judgment dismissal, asserting that Brende could not establish that it owed her a duty of care. The City claimed that it "does not owe a duty to maintain the entire roadway in a reasonably safe condition for pedestrian travel" because its duty to pedestrians is limited to maintaining "a crosswalk" in a condition reasonably safe for pedestrian travel.

In response, Brende argued the City "has a duty to pedestrians to keep the street in a reasonably safe condition to those pedestrians who are going to their legally parked vehicles." In support, she provided a report from a human factors engineering and safety and risk management professional. The expert's report noted that North 48th Street lacked signage prohibiting street parking, so "it is foreseeable and should be expected that the street will be used for parking." The report further explained:

> The presence of vehicles utilizing the street for parking is important from a safety perspective as it is expected that pedestrians will be walking in the street when accessing vehicles. For example, when a driver pulls onto North 48[th] Street from Phinney Avenue North and parks their vehicle on the right/south side of the road, it is expected that they will exit the driver's door and step directly into the roadway. Similarly, when pedestrians walk back to their vehicle, it is expected that they will step out into the roadway and walk either in front of or behind their vehicle to access the driver's door. In other words, while the surface they are walking on is generally a "roadway", it is also an area where it is expected pedestrians will be walking.

Relying on her expert's report, Brende argued the area where she fell "was an

3

area where it was foreseeable/expected that pedestrians would be walking." Brende claimed that the City owed her a duty of care "as a pedestrian who had properly parked her vehicle in accordance with municipal code."

After hearing arguments from the parties, the trial court determined that the City's duty of care to all travelers to maintain the roadway in a condition that is reasonably safe for ordinary travel did not extend to Brende because "[s]he's not on a sidewalk. She's not in a crosswalk. She's outside the area where that duty exists." The court granted the City's motion for summary judgment.

Brende moved for reconsideration, which the trial court denied. She now appeals.

ANALYSIS

Brende contends the trial court erred by concluding that the City did not owe her a duty of care as a matter of law. We agree.

We review an order on summary judgment de novo, engaging in the same inquiry as the trial court. *Ellis v. City of Seattle*, 142 Wn.2d 450, 458, 13 P.3d 1065 (2000). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." CR 56(c). We view all facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *Ellis*, 142 Wn.2d at 458.

A defendant can prevail on a motion for summary judgment by challenging the plaintiff's ability to establish an essential element of a cause of action. *Young v. Key Pharms., Inc.*, 112 Wn.2d 216, 225 n.1, 770 P.2d 182 (1989). The defendant bears the initial burden to show a lack of evidence. *Id.* at 225. The

burden then shifts to the plaintiff to establish the essential elements of their claim. *Id.* If the plaintiff fails to satisfy this burden, the defendant is entitled to summary judgment. *Id.*

To establish negligence, a plaintiff must show (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause. *Ranger Ins. Co. v. Pierce County*, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). Summary judgment is proper if a plaintiff cannot meet any one of these elements. *Id.* at 552-53. The threshold question is whether the defendant owes a duty of care to the injured plaintiff. *Schooley v. Pinch's Deli Mkt., Inc.*, 134 Wn.2d 468, 474, 951 P.2d 749 (1998). The existence of a legal duty is a question of law, but the scope of that duty is a question of fact. *McKown v. Simon Prop. Grp., Inc.*, 182 Wn.2d 752, 762, 344 P.3d 661 (2015).

A municipality is held to a general duty of care, which is that of a reasonable person under the circumstances. *Keller v. City of Spokane*, 146 Wn.2d 237, 243, 44 P.3d 845 (2002). And whether a municipality owes a duty in a particular situation "generally includes a determination of whether the incident that occurred was foreseeable." *Id.* In the context of roadways, a municipality owes a duty of care to all travelers to maintain its roadways in a condition that is reasonably safe for ordinary travel. *Xiao Ping Chen v. City of Seattle*, 153 Wn. App. 890, 900, 223 P.3d 1230 (2009).

What amounts to ordinary travel is determined by the roadway's expected, foreseeable use. *See Keller*, 146 Wn.2d at 252. So, "the determination of whether or not a municipality has exercised reasonable care in the performance

5

of its duty to maintain its public ways in a reasonably safe condition must in each case necessarily depend upon the surrounding circumstances." *Berglund v. Spokane County*, 4 Wn.2d 309, 315-16, 103 P.2d 355 (1940). This requires consideration of both the "intended use and the actual situation that existed on the roadway." *See Xiao Ping Chen*, 153 Wn. App. at 902.

Citing several cases involving pedestrians injured while crossing the road, the City argues that it owes Brende no duty of care because she was travelling outside a marked or unmarked crosswalk. *See Xiao Ping Chen*, 153 Wn. App. at 906-07 ("By establishing certain presumptions in their favor, the law directs pedestrians to use marked crosswalks. Therefore, the city has a corresponding duty to maintain its crosswalks in a manner that is reasonably safe for ordinary travel in light of the circumstances at each particular crosswalk."); *Hansen v. Wash. Nat. Gas Co.*, 95 Wn.2d 773, 778, 632 P.2d 504 (1981) (cities generally have " 'no duty. . . to make the middle of the street, mid-block, safe for pedestrians who might elect to leave the sidewalk . . . and angle illegally across the street' "); *McKee v. City of Edmonds*, 54 Wn. App. 265, 267-69, 773 P.2d 434 (1989) (municipality does not owe a duty of care to make the street safe for jaywalkers). But Brende was not attempting to cross a roadway outside a crosswalk. Instead, she was accessing her legally parked car by the only available means—the roadway. So, the cases cited by the City are inapt.

This case is more like *Berglund*. In that case, Spokane County built a bridge that provided the only way for both pedestrians and vehicles to cross from one side of a river to the other, but the bridge had no footpath or sidewalk for

6

pedestrian use. 4 Wn.2d at 316. A minor pedestrian and her parents sued the county for negligence after a car struck the minor while she walked across the bridge. *Berglund*, 4 Wn.2d at 310-11. Our Supreme Court determined that where "the bridge was intended and provided for the use of pedestrians, there existed the correlative duty on the part of the county to use reasonable care for their protection." *Id.* at 316. And that "by inviting, indeed directing, pedestrians to use the bridge along with motor vehicles, the county had a duty to 'exercise reasonable care to keep [the bridge] in a reasonably safe condition for [both intended modes of] travel.' " *Xiao Ping Chen*, 153 Wn. App. 903[1] (quoting *Berglund*, 4 Wn.2d at 317).

In other words, an express or implied invitation to pedestrians to use a roadway for a particular purpose imposes an obligation to maintain that roadway in a reasonably safe condition for that purpose. *See Xiao Ping Chen*, 153 Wn. App. at 907 ("by virtue of its decision to direct pedestrians to walk in the crosswalk herein at issue, the city had a duty to ensure that the crosswalk would be reasonably safe for its intended use in light of the circumstances present at the crosswalk"). And here, the parties agree that the only route for Brende to access the driver's side of her legally parked car was the roadway. So, like the pedestrian bridge in *Berglund*, the City's invitation to drivers to use the roadway to access the driver's side of their parked cars carries with it a corresponding duty to keep that area in a reasonably safe condition for that intended use.

---

[1] Alterations in original.

The trial court erred by determining that the City owed no duty to Brende as a matter of law and granting summary judgment dismissal for the City. We reverse and remand for further proceedings.

_____, ACJ

WE CONCUR:

_____          _____