18 P.3d 558 (2001)
143 Wash.2d 81
Christie GRIFFIN, Respondent,
v.
WEST RS, INC., d/b/a Trammell Crow Residential Services, a Texas corporation; and Anthony Wayne Spencer, Petitioners.
No. 68911-3.
Supreme Court of Washington, En Banc.
Argued September 26, 2000.
Decided February 22, 2001.
*559 Philip Buri, Brett & Daugert, P.L.L.C., Bellingham, for petitioners.
Anthony W. Spencer, pro se.
Mark Northcraft and Dennis Woods, Seattle, for respondent.
SANDERS, J.
The principal question is whether, or to what extent, a residential landlord is legally obliged to protect its tenants from the foreseeable criminal acts of third persons. But this question we need not answer as the jury *560 here found the landlord's negligence was not a proximate cause of the tenant's injuries in any event. We therefore reverse the Court of Appeals and affirm the trial court's dismissal of the tenant's claim.

I.

FACTS
Christie Griffin lived alone in a large residential apartment complex managed by West RS, Inc., d/b/a Trammell Crow Residential Services (Trammell Crow). In early April 1993 Griffin heard a loud noise while showering. She thought the noise came from an adjacent apartment, but became alarmed after she exited the bathroom and noticed dirt and debris on the floor beneath an attic crawl space door. Griffin also discovered the three locks on her front door had been undone from the inside. Convinced someone had entered her apartment through the crawl space and exited through her front door, Griffin immediately reported the incident to her manager.
Two maintenance personnel were dispatched to the apartment and conducted a cursory inspection of the crawl space. Telling Griffin they hadn't seen anything suspicious, they nevertheless placed a single two-by-four across the attic opening, securing it with screws.
The crawl space was not within the normal use of tenants, but was occasionally used for storage. The attic area was not open to the public, and could be accessed only by Trammell Crow through the private living space of residents. Access required consent by the tenant or proper notice to the tenant under RCW 59.18.150(2)-(3).
Two weeks later Griffin again heard a loud noise while showering. Stepping from the shower, wrapped in a towel, she walked around the corner into her kitchen where she encountered a man with a nylon stocking over his face who was taking a pan out of a drawer. Griffin ran for the door but was caught by the man, who began hitting her in the head with the pan and then broke her wrist. Griffin broke free as her attacker attempted to drag her into the bedroom and ran naked from the apartment. The man pursued her, but was apprehended and held by neighbors until police arrived.
Griffin's attacker was Anthony Spencer, the tenant of an adjacent apartment. Investigation of the crawl space revealed a hole in the Sheetrock separating Griffin's attic from Spencer's. The hole was large enough to allow passage from Spencer's to Griffin's attic. Entry into Griffin's apartment through the opening in her closet was not impeded by the two-by-four which the landlord had fastened across it.
Griffin sued Spencer for assault and battery and Trammell Crow for negligently violating its alleged duty to protect her from harm. At trial Griffin requested plaintiff's proposed instruction 8 stating:
Trammell Crow had a duty to take reasonable steps to protect Christie Griffin from foreseeable criminal conduct of a third party.
Clerk's Papers (CP) at 359. However the court rejected the proposed instruction, preferring its own Instruction 12:
A landlord may be negligent if it undertakes to protect a tenant against a danger of which it knows or in the exercise of ordinary care ought to know, and fails to exercise ordinary care in its efforts, and if the tenant reasonably relied upon the landlord's actions and therefore refrained from taking actions to protect herself.
Likewise, a tenant may be negligent for failing to use ordinary care for the tenant's own safety.
CP at 1449. The court gave Griffin's proposed instruction on probable cause:
The term "proximate cause" means a cause which in a direct sequence unbroken by any new independent cause, produces the event complained of and without which such event would not have happened.
There may be one or more proximate causes of an event.
Instruction 16 (CP at 1453). At Griffin's request the court also gave Instruction 17 on supervening cause:
If you find that Trammell Crow was negligent but that the sole proximate cause of the occurrence was a later independent *561 intervening act of Anthony Spencer that Trammell Crow, in the exercise of ordinary care, could not reasonably have anticipated, Trammell Crow's original negligence is superseded by the intervening cause and is not a proximate cause of the occurrence. If however, in the exercise of ordinary care, Trammell Crow should reasonably have anticipated the intervening cause it does not supersede Trammell Crow's original negligence and Trammell Crow's negligence is a proximate cause.
It is not necessary that the sequence of events or the particular resultant occurrence be foreseeable. It is only necessary that the resultant occurrence fall within the general field of danger which Trammell Crow should reasonably have anticipated.
CP at 366, 1454.
During the trial, over continuing objection, counsel for Trammell Crow questioned its own expert concerning an extended hypothetical involving police investigation of a complaint occurring two weeks before the attack. The hypothetical explored the extent to which police would have been able to investigate an original complaint from Griffin and obtain a warrant to search Spencer's apartment, given probable cause restraints and the likelihood Spencer would have refused entry into his apartment. At the conclusion of the trial the court gave Instruction 20:
A tenant of an apartment building has a reasonable expectation of privacy in an adjacent attic area which is accessible only through the living space of the tenant. A search warrant to search such an attic may not be obtained unless there is evidence of probable cause to search in the attic.
CP at 1457.
The jury found Spencer liable for assault, awarding $500,000 in damages. But while it also found Trammell Crow negligent under the standard articulated in Instruction 12, the jury nevertheless concluded by special verdict that Trammell Crow's negligence was not a proximate cause of Griffin's injury or damages and therefore awarded no damages against the landlord or manager.
By partially published opinion, Division One of the Court of Appeals, of the Court of Appeals, Cox, J., reversed and remanded for a new trial against Trammell Crow, holding landlords have an affirmative duty to protect tenants from foreseeable criminal acts of third parties, and concluding the trial court committed prejudicial error by refusing Griffin's proposed instruction 8 which described that duty. Griffin v. West RS, Inc., d/b/a Trammell Crow Residential Servs., 97 Wash. App. 557, 572, 984 P.2d 1070 (1999). The court adopted Restatement (Second) of Torts § 344 (1965) as an accurate statement of the landlord's duty to protect its tenant against foreseeable criminal acts of third parties.[1]Griffin, 97 Wash.App. at 570, 984 P.2d 1070.
The unpublished portion of the opinion considered Instruction 20, setting forth the probable cause requirement to obtain a search warrant to search the attic. Griffin v. West RS, Inc., d/b/a Trammell Crow Residential Servs., No. 41904-8-I, slip op. at 20-23 (1999). Although the Court of Appeals conceded Instruction 20 was an accurate statement of the law, it found it obscured Trammell Crow's duty to Griffin and was therefore misleading, and reversible error. Id. at 22-23.

II.

ANALYSIS
A. Standard of Review
We review jury instructions to determine whether they correctly state the law. State v. Williams, 96 Wash.2d 215, 634 P.2d 868 (1981). Questions of law are reviewed de novo. Hertog ex rel. S.A.H. v. City of Seattle, *562 138 Wash.2d 265, 275, 979 P.2d 400 (1999).
Challenged instructions are also reviewed to determine "whether they permit the parties to argue their theories of the case, whether they are misleading, and whether when read as a whole they accurately inform the jury of the applicable law." Adcox v. Children's Orthopedic Hosp. & Med. Ctr., 123 Wash.2d 15, 36, 864 P.2d 921 (1993) (citation omitted).
B. Ordinary Care Instruction
Griffin argues Trammell Crow had a duty to protect her from the foreseeable criminal acts of third parties, alleging a special relationship between landlord and tenant and asserting Instruction 12 did not adequately convey that duty to the jury. Trammell Crow denies it had an absolute duty to protect Griffin against foreseeable criminal acts of others relying on the common law principle that a private party has no duty to protect others from the criminal acts of third parties.
However we need not decide all issues posed by the parties, only those necessary to a proper result. Schmidt v. Cornerstone Invs., Inc., 115 Wash.2d 148, 165, 795 P.2d 1143 (1990).
We therefore decline to reach the issue of Trammell Crow's duty of care because the jury, as instructed, determined that while Trammell Crow negligently discharged its duty to protect Griffin from harm its dereliction nevertheless did not proximately cause her injuries in any event. The proximate cause determination is the same under either arguable standard of care; hence the jury's finding that the landlord's negligence did not proximately cause damage resolves either alternative theory once negligence is established.
Griffin's claim to a heightened duty would only matter if the jury had rejected breach of the lesser included duty. But it didn't. Rather the jury's finding of negligence placed Trammell Crow in the same position regardless of the standard of care; the only remaining question being whether that breach of duty proximately caused Griffin's injuries. And the jury answered no.
Griffin argues the lack of a jury instruction based on the heightened duty of care between business owners and business invitees under Nivens v. 7-11 Hoagy's Corner, 133 Wash.2d 192, 943 P.2d 286 (1997) "[s]kewed [t]he [j]ury's [c]onsideration [o]f [p]roximate [c]ause" by diminishing Trammell Crow's duty to the point that "its breach just did not matter." Br. of Appellant Christie Griffin at 19, 22 (Wash.Ct.App. No. 41904-8-I). The Court of Appeals agreed, claiming "duty and proximate cause are intertwined," holding "we cannot be certain that the jury properly determined proximate cause when it was improperly instructed on the applicable duty." Griffin, 97 Wash.App. at 572, 984 P.2d 1070 (citing Schooley v. Pinch's Deli Market, Inc., 134 Wash.2d 468, 479, 951 P.2d 749 (1998)).
However we did not hold "duty and proximate cause are intertwined" in Schooley. Id. We said "the issues regarding whether duty and legal causation exist are intertwined." Schooley, 134 Wash.2d at 479, 951 P.2d 749 (emphasis added). We specifically distinguished between legal and factual causation, opining:
Proximate causation is divided into two elements: cause in fact and legal causation. "Cause in fact" refers to the actual, "but for," cause of the injury, i.e., "but for" the defendant's actions the plaintiff would not be injured. Establishing cause in fact involves a determination of what actually occurred and is generally left to the jury. Unlike factual causation, which is based on a physical connection between an act and an injury, legal cause is grounded in policy determinations as to how far the consequences of a defendant's acts should extend.
Id. at 478, 951 P.2d 749 (emphasis added) (citations omitted). The jury's determination of cause in fact does not involve the assessment of policy considerations intertwining duty and legal causation and is not affected by a difference in underlying duties once negligence is established.
Griffin does not identify any additional duty that would be placed on the landlord under her proposed instruction, nor does she *563 offer a persuasive logical argument that the jury's considerations were necessarily "skewed" by application of what appear to be identical standards of care once the landlord took action upon which the tenant relied. Furthermore, Griffin does nothing to demonstrate the jury's proximate cause determination would have been any different in light of the supervening cause instruction which she herself proposed.[2]
Griffin also fails to demonstrate plaintiff's proposed instruction 8 itself accurately sets forth the duty of care for which she argues. Although we do not today decide what standard of care is appropriate, we note Griffin's proposed instruction 8 omits a critical element of her own proposed duty of care: the landlord's control over the area in dispute. Although Griffin emphasizes "Trammell Crow [c]ontrolled [t]he [p]oint [o]f [e]ntry" as one of the "[t]hree [f]acts [n]ecessary for [T]rammell [C]row's [l]iability," and claims an "enforceable limit[ ] on a landlord's liability" is "control over the area," no such control is required by proposed instruction 8. Supp'l Br. of Resp't at 5, 10. The trial court therefore did not err when it refused Griffin's proposed instruction 8 because it had no duty to give an incorrect instruction. Gammon v. Clark Equip. Co., 38 Wash.App. 274, 284, 686 P.2d 1102 (1984), aff'd, 104 Wash.2d 613, 707 P.2d 685 (1985).
Therefore the trial court's decision to give Instruction 12 and refuse plaintiff's proposed instruction 8 was not reversible error.
C. Probable Cause Instruction
Instruction 20 accurately states the probable cause requirement to obtain a search warrant. See State v. Cole, 128 Wash.2d 262, 286, 906 P.2d 925 (1995). However, Griffin argues Instruction 20 invited the jury to speculate if there was probable cause to search Spencer's attic. Trammell Crow contends Instruction 20 was given only in response to Griffin's assertion that Trammell Crow should have called the police. Trammell Crow contends such an instruction was necessary to rebut the implication the police could have immediately searched Spencer's apartment.
An instruction may be legally accurate yet not given because it is misleading. Griffin, No. 41904-8-I, slip op. at 22 (citing State v. Brobak, 47 Wash.App. 488, 736 P.2d 288 (1987)).[3]
However whether an instruction which accurately states the law should not be given to avoid confusion is a matter within trial court discretion, not to be disturbed absent abuse. Douglas v. Freeman, 117 Wash.2d 242, 256-57, 814 P.2d 1160 (1991). For example in Douglas we affirmed the trial court's decision to allow an instruction where, as here, the opposing party was able to lessen any potential prejudice by explaining its own position. Id. at 256, 814 P.2d 1160. And here there was sufficient evidence in the record to support the trial court's decision to instruct on the probable cause requirement for a search warrant. See State v. King, 92 Wash.2d 541, 547, 599 P.2d 522 (1979). This instruction was also given as a consequence of, and in direct response to, Griffin's assertion that Trammell Crow should have called the police.
Because jury instructions are necessary to allow parties to argue their theory of the case, Instruction 20 was relevant to Griffin's claim that Trammell Crow should have called the police, and was proper to allow Trammell Crow to rebut any implication the police could have searched Spencer's attic area *564 without a warrant. This did not prevent Griffin's counsel from arguing her own theory of the case and, as a proper statement of the law, was within the trial court's discretion to give.
Even if the instruction were misleading, Griffin still bears the burden to establish consequential prejudice. Goodman v. Boeing Co., 75 Wash.App. 60, 68, 877 P.2d 703 (1994), aff'd, 127 Wash.2d 401, 899 P.2d 1265 (1995). But here again, the jury's special finding of negligence is determinative. Arguably Trammell Crow might have been less negligent based on the asserted unfeasibility of a search warrant, but the jury determined it did negligently discharge the legal duties as instructed. Once again, the proximate cause analysis does not change. To the extent, if any, the jury might have been misled by Instruction 20, it did not prejudice Griffin because the jury concluded Trammell Crow breached its duty of care in any event.
The decision of the Court of Appeals is therefore reversed and the trial court's dismissal of Griffin's claim against Trammell Crow is affirmed. Trammell Crow shall recover its costs on appeal.
ALEXANDER, C.J., SMITH, MADSEN, BRIDGE, JJ., and GUY, J.P.T., concur.
TALMADGE, J.[*] (dissenting).
Just as a special relationship exists under Washington law between businesses and business invitees and innkeepers and guests, a special relationship exists between landlords and tenants. Consequently, I disagree with the majority with respect to whether an error was committed by the trial court in instructing the jury on the duty owed by West RS, Inc., d/b/a Trammell Crow Residential Services (Trammell Crow) to Christie Griffin. Moreover, I disagree with the majority as to the implications of the error committed by the trial court with respect to the instruction on duty as well as the significance of the trial court's erroneous Instruction 20 regarding the establishment of probable cause to search the attic crawl space at issue in this case. I would affirm the Court of Appeals and remand the case to the trial court for a new trial.
The majority does not answer the key question in this case: whether a special relationship exists between a landlord and tenant for purposes of Washington law. The majority narrowly focuses its analysis on Instruction 12 given to the jury in this case. Instruction 12 is based on well-established duties under the rescue doctrine articulated in Brown v. MacPherson's, Inc., 86 Wash.2d 293, 545 P.2d 13 (1975). Specifically, when a party undertakes to come to the aid of another it must provide such aid in a nonnegligent fashion. If it is negligent in the provision of such aid, it is liable to the plaintiff. Here, it is unremarkable that Trammell Crow breached its duty to come to Griffin's aid by improperly reviewing the circumstances of the break-in to her apartment and failing to take effective action. It is equally unremarkable that the jury found Trammell Crow negligent under Instruction 12.
The greater problem, however, is that the trial court erred in failing to give an appropriate instruction as to the special relationship and the duty owed by a landlord to a tenant with respect to reasonably foreseeable criminal conduct arising from areas under the control of the landlord. The majority avoids this issue because it finds that the jury correctly held Trammell Crow to be negligent and, on proper instructions on proximate cause, found Trammell Crow was not the proximate cause of Griffin's injuries. Although plaintiffs did not propose a proper instruction on the law with respect to the duty owed by a landlord to a tenant where that special relationship exists, we will need to address this issue because the case should be remanded to the trial court for a new trial because the jury was improperly instructed on the question of proximate cause.
Under Washington law, a private person has no duty to protect others from the criminal acts of third parties. Hutchins v. 1001 Fourth Ave. Assocs., 116 Wash.2d 217, 223, 802 P.2d 1360 (1991). However, where a *565 special relationship exists between parties, one party may owe another a duty to protect from the criminal acts of third persons. This Court has so held in the context of an innkeeper's relationship to a guest, Gurren v. Casperson, 147 Wash. 257, 265 P. 472 (1928); an institution to an institution's resident, Niece v. Elmview Group Home, 131 Wash.2d 39, 929 P.2d 420 (1997); a university to a student, Johnson v. State, 77 Wash.App. 934, 894 P.2d 1366 (1995); and a business to a business invitee, Nivens v. 7-11 Hoagy's Corner, 133 Wash.2d 192, 943 P.2d 286 (1997). In Nivens, we articulated the duty owed by a business to a business invitee under the principles set forth in the Restatement (Second) of Torts § 344 (1965).
A special relationship exists between a landlord and a tenant. It is difficult to distinguish between this duty and the duty owed by an innkeeper to a guest, a university to a resident student, or a business to an invitee. Indeed, in Degel v. Majestic Mobile Manor, Inc., 129 Wash.2d 43, 914 P.2d 728 (1996), we held a duty was owed by a mobile home park to a tenant. However, in the context of landlord and tenant, there may be a better articulation of the duty owed by a landlord to a tenant under these circumstances than that found in Restatement (Second) of Torts § 344. In the Restatement (Second) of Property: Landlord and Tenant § 17.3 (1977), of the duty owed by a landlord to a tenant was stated as follows:
A landlord who leases a part of his property and retains in his own control any other part the tenant is entitled to use as appurtenant to the part leased to him, is subject to liability to his tenant and others lawfully upon the leased property with the consent of the tenant or a subtenant for physical harm caused by a dangerous condition upon that part of the leased property retained in the landlord's control, if the landlord by the exercise of reasonable care could have:
(1) discovered the condition and the unreasonable risk involved therein; and
(2) made the condition safe.
Section 17.3 of the Restatement (Second) of Property: Landlord and Tenant appropriately articulates the duty owed by Trammell Crow to Griffin in this case. On remand, this standard should control.
The more difficult issue in this case is the question of proximate cause. The majority would avoid the question of duty owed by a landlord to a tenant by stating that the giving of Instruction 20 to the jury on the rescue doctrine was harmless error. The jury found Trammell Crow negligent, but its negligence was not the proximate cause of Griffin's injuries. We cannot be oblivious to Instruction 20 given to the jury by the trial court in this case. That instruction provided as follows:
A tenant of an apartment building has a reasonable expectation of privacy in an adjacent attic area which is accessible only to the living space of the tenant. A search warrant to search such an attic may not be obtained unless there is evidence of probable cause to search in the attic.
Clerk's Papers at 1457. This instruction offered the jury an erroneous opportunity to go on a frolic and detour with respect to the issue of proximate cause. The record in this case is clear that Trammell Crow had exclusive control of the attic's space above Griffin's apartment as well as the apartment of her neighbor. Trammell Crow allowed its tenants like Griffin or her neighbor, Anthony Spencer, to use such attic space for storage. There is little question that had Trammell Crow called the police Griffin would have consented to allow law enforcement officers to enter her apartment and properly investigate any untoward circumstances found in the attic crawlspace. Police officers likely would have seen the three-foot hole in the adjoining wall between the Griffin and Spencer apartment crawl spaces and would have proceeded with their investigation of Spencer accordingly. In addition, Trammell Crow very likely would have taken more substantial measures to restore the physical security of Griffin's apartment than the ineffective installation of the two-by-four.
Instruction 20 was misleading to the jury. The instruction made no mention of consent to search and improperly suggested that many calls to the police would have been essentially meaningless to the investigation *566 of Spencer or his possible apprehension. This instruction so tainted the discussion of proximate cause that reversal of the jury's verdict on proximate cause is required.
The resulting prejudice is clearly shown by the jury's dubious determination that Trammell Crow's negligence was not the proximate cause of Griffin's injuries. Griffin was subjected to exactly the sort of criminal invasion of her apartment that would have been anticipated and prevented if Trammell Crow had responded appropriately to the initial incident in her apartment. The causal relationship between Trammell Crow's negligence and the subsequent assault by Spencer is so direct and obvious a judgment notwithstanding the verdict may have been appropriate. The most likely explanation for the jury's unusual verdict is the confusion created by the trial court's instructions. Indeed, the majority has not attempted to explain how the jury could have arrived at its curious verdict any other way.
In conclusion, landlords in Washington owe a duty to tenants to protect their tenants from foreseeable criminal conduct arising out of use of spaces under the control of the landlord either exclusively or jointly with the tenant. In this case, it was at least a jury question as to whether that duty was breached and Griffin was damaged as a consequence of that breach. The jury should have been properly instructed on the duty owed by Trammell Crow to Griffin. Moreover, the jury's decision-making on proximate cause should have been untainted by an instruction that improperly directed the jury toward a belief that a police investigation of Griffin's attacker would not have resulted in his apprehension. I would affirm the Court of Appeals and remand the case to the trial court for a new trial.
JOHNSON and IRELAND, JJ., concur.
NOTES
[1] A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

(a) discover that such acts are being done or are likely to be done, or
(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.
Restatement (Second) of Torts § 344 (1965).
[2] Griffin does not show how the proximate cause determination would have been any different under Instruction 8. If a landlord inadequately repaired a defective lock but the intruder broke down the door without trying the lock, the breach of the lesser duty would not supply the proximate cause. The breach of a greater duty would not change the proximate cause analysis, especially where there is a supervening cause.
[3] Specifically, Brobak's proposed instructions were inadequate in that they failed to instruct the jury (1) that contributory negligence is not a defense to vehicular homicide; and (2) that in order to avoid criminal liability, a defendant must show that a victim's contributory negligence was a supervening cause, without which the accident would not have occurred. A proximate cause instruction given to the jury was also insufficient to explain the legal effect of a pedestrian's violation of the rules of the road. Brobak, 47 Wash.App. at 493-94, 736 P.2d 288.
[*] Justice Philip Talmadge is serving as a justice pro tempore of the Supreme Court pursuant to Const. IV, § 2(a) (amend.38).