[No. 52554-9-I.   Division One.   July 12, 2004.]

JEFF GRAHAM, *Appellant*, v. FRED FINDAHL, ET AL., *Respondents*.

---

[2] 122 Wn.2d 73, 856 P.2d 1076 (1993).

[3] 354 F.3d 675 (7th Cir. 2004).

*Christopher M. Constantine* (of *Of Counsel, Inc., P.S.*) and *Jeffrey P. Helsdon* (of *Sloan Bobrick Oldfield & Helsdon, P.S.*), for appellant.

*Michael P. Harris*, for respondents.

GROSSE, J. — Washington's redemption statutes contain a relatively unique upset process whereby, during the redemption period, a third party can force a purchaser at a sheriff's sale to sell at a price not less than 120 percent greater than the redemption amount. The gist of this procedure is that, if a real estate broker lists the property on an open listing, a third party can make a "qualifying offer" through a real estate broker. A qualifying offer requires acceptance unless the buyer receives other qualifying offers, presumably greater in amount. We hold that a qualifying offer may not require the seller to accept terms and conditions imposing a greater burden than those he received.

Here, appellant Jeff Graham presented his offer in the form of a standard purchase and sale agreement that included terms requiring respondent Fred Findahl to convey the property by statutory warranty deed. Yet Findahl had received only a sheriff's deed to the property. Because Graham's offer contained additional terms that would have increased the burden that the redemption statute would otherwise have placed on Findahl, it was not a "qualifying" offer under RCW 6.23.120. The trial court therefore did not err by dismissing Graham's claim on summary judgment for want of a qualifying offer, and we affirm.

## FACTS

This matter concerns a condominium unit that respondent Fred Findahl purchased at a King County Sheriff's execution sale. The sheriff issued Findahl a certificate of sale, subject to a one-year redemption period. The judgment debtor did not redeem and Findahl received a sheriff's deed for the unit.

During the redemption period, however, the unit was listed by a licensed real estate broker in King County, as

permitted by RCW 6.23.120.[1] Appellant Jeff Graham "prepared . . . a Residential Real Estate Purchase and Sale agreement, with specific terms, on a standard NW Multiple Listing Service Form 21." In the agreement, Graham offered to purchase the unit from Findahl for the price of "19,500 or 125% of redemption due per RCW 6.23.120 and real estate commission paid by the buyer."

Ten minutes before the redemption period expired, Graham presented the offer to Findahl at his home. After Graham presented his offer, Findahl received no other offers during the redemption period to purchase the unit. However, Findahl did not recognize Graham's offer as a "qualifying" offer under RCW 6.23.120, and therefore he did not deliver to Graham the statutory notice of pending acceptance.

Graham sued for an order requiring Findahl "to specifically perform under the terms of the qualifying offer."

---

[1] (1) Except as provided in subsection (4) of this section, during the period of redemption for any property that a person would be entitled to claim as a homestead, any licensed real estate broker within the county in which the property is located may nonexclusively list the property for sale whether or not there is a listing contract. If the property is not redeemed by the judgment debtor and a sheriff's deed is issued under RCW 6.21.120, then the property owner shall accept the highest current qualifying offer upon tender of full cash payment within two banking days after notice of the pending acceptance is received by the offeror. If timely tender is not made, such offer shall no longer be deemed to be current and the opportunity shall pass to the next highest current qualifying offer, if any. Notice of pending acceptance shall be given for the first highest current qualifying offer within five days after delivery of the sheriff's deed under RCW 6.21.120 and for each subsequent highest current qualifying offer within five days after the offer becoming the highest current qualifying offer. An offer is qualifying if the offer is made during the redemption period through a licensed real estate broker listing the property and is at least equal to the sum of: (a) One hundred twenty percent greater than the redemption amount determined under RCW 6.23.020 and (b) the normal commission of the real estate broker or agent handling the offer.

(2) The proceeds shall be divided at the time of closing with: (a) One hundred twenty percent of the redemption amount determined under RCW 6.23.020 paid to the property owner, (b) the real estate broker's or agent's normal commission paid, and (c) any excess paid to the judgment debtor.

(3) Notice, tender, payment, and closing shall be made through the real estate broker or agent handling the offer.

(4) This section shall not apply to mortgage or deed of trust foreclosures under chapter 61.12 or 61.24 RCW.

RCW 6.23.120.

Findahl moved for summary judgment on the ground that Graham's was not a qualifying offer. He argued that the price contained in the offer was ambiguous, and that the offer contained terms that he was not required by RCW 6.23.120 to accept.

Graham argued in opposition that the offer was not defective because of price; either the specific amount ($19,500) or the percentage-based amount (125 percent of the redemption price, plus commission) he included in the offer would have sufficed under RCW 6.23.120. Only in his motion for reconsideration did Graham address Findahl's argument that the offer would have required him to accept terms not contemplated by the statute.

The trial court granted Findahl's motion for summary judgment after concluding (1) that Graham's offer did not state a clear and unambiguous price and (2) that the offer was not a qualifying offer because it required Findahl to make numerous warranties and covenants not required by RCW 6.23.120. The trial court also denied Graham's motion for reconsideration.

## DECISION

Although Graham identifies 16 purported issues, only the first issue—whether he made a qualifying offer— need be addressed to achieve a proper result on appeal.[2] The usual standards of review apply to this appeal from summary judgment and denial of reconsideration.[3]

---

[2] *Griffin v. W. RS, Inc.*, 143 Wn.2d 81, 88, 18 P.3d 558 (2001).

[3] When reviewing an order of summary judgment brought under CR 56, this court engages in the same inquiry as the trial court. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). The reviewing court considers the facts in the light most favorable to the nonmoving party. Summary judgment is appropriate if the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. CR 56(c). The denial of a motion for reconsideration is reviewed for abuse of discretion. *Kohfeld v. United Pac. Ins. Co.*, 85 Wn. App. 34, 40, 931 P.2d 911 (1997).

An offer is qualifying if the offer is made:

- during the redemption period
- through a licensed real estate broker listing the property
- and is at least equal to the sum of: (a) One hundred twenty percent greater than the redemption amount determined under RCW 6.23.020 and (b) the normal commission of the real estate broker or agent handling the offer.[4]

Findahl does not deny that Graham made the offer during the redemption period or through the licensed real estate broker who listed the property. Rather, he argues that the offer was not qualifying because it contained terms that the statute did not require him to accept. We agree.

Graham submitted his offer on a Northwest Multiple Listing Service form 21, which is a standardized residential real estate purchase and sale agreement. Because it was a standard form, it contained a number of general terms, including one that required Findahl to convey the unit by "Statutory Warranty Deed" and one that required Findahl to pay for a "standard form owner's policy of title insurance."

Findahl argues that because RCW 6.23.120 does not provide for additional terms in an offer above and beyond the price, Graham's offer did not comply with the statute. Findahl observes that he received only a Sheriff's deed to the unit, which was drafted in the form of a "bargain and sale" deed.[5] Thus, he argues that forcing him to accept the term requiring him to convey the unit by statutory warranty deed places an additional burden on him not contem-

---

[4] RCW 6.23.120(1).

[5] The granting language in the sheriff's deed provides: "I, Sheriff of King County . . . hereby grant, bargain, sell, convey and confirm . . . ." Clerk's Papers at 126. This language is substantially like that of a bargain and sale deed, as described in RCW 64.04.040, and unlike that of a warranty deed (RCW 64.04.030) or quitclaim deed (RCW 64.04.050). We therefore construe the sheriff's deed as a bargain and sale deed.

plated by the redemption statute.[6] He argues the same point with respect to the term that requires him to pay for title insurance, which may prove costly.

The statute is silent about what terms other than price, if any, may be included in a qualifying offer. Moreover, there are no Washington cases that interpret this particular portion of the redemption statute, and there are no published statements of legislative intent. However, language in *Millay v. Cam*,[7] a Supreme Court case that involved a different issue under chapter 6.23 RCW, but which discussed generally the issue of "compensating for legislative omissions," may offer guidance here.[8]

In *Millay*, a prospective redemptioner asked the court to adopt a procedure allowing him to obtain a judicial determination of the sum required before paying any money to redeem.[9] In declining to adopt such a procedure, the court stated, "Courts do not amend statutes by judicial construction, nor rewrite statutes 'to avoid difficulties in construing and applying them.' "[10] It also observed that courts " 'can neither increase nor lessen the burden of the redemptioner.' "[11] Further, the court observed that it "refrains from adding to, or subtracting from, the language of a statute unless imperatively required to make it rational."[12]

---

[6] A bargain and sale deed carries with it three warranties: a warranty of seisin, a warranty against encumbrances, and a warranty of quiet possession. These warranties are only against the acts of the grantor, and do not operate against title defects that may have arisen during the ownership of previous owners. A warranty deed carries, in addition to the three just mentioned, a warranty of right to convey and a warranty to defend. 17 WILLIAM B. STOEBUCK, WASHINGTON PRACTICE: REAL ESTATE: PROPERTY LAW § 7.2 at 447-48 (1995).

[7] *Millay v. Cam*, 135 Wn.2d 193, 955 P.2d 791 (1998).

[8] *Millay*, 135 Wn.2d at 203.

[9] *Millay*, 135 Wn.2d at 203.

[10] *Millay*, 135 Wn.2d at 203 (citations omitted).

[11] *Millay*, 135 Wn.2d at 203 (quoting *Doerhoefer v. Farrell*, 29 Or. 304, 45 P. 797, 798 (1896)).

[12] *Millay*, 135 Wn.2d at 203.

■ ■ Applying the *Millay* court's observations to this case, it would contravene the legislature's intent to force Findahl to accept terms in the offer that are not contemplated in the statute. Requiring Findahl to convey the unit by statutory warranty deed, which is of higher quality than a bargain and sale deed, would increase the burden that the redemption statute would otherwise place on him. Indeed, it might increase that burden to the point of impossibility. If this court cannot increase the burden of a redemptioner, it is reasonable to conclude that the court likewise cannot increase the burden of a seller.

If we held any doubt whether Graham would have required Findahl to specifically perform under the additional warranties of a statutory warranty deed, we need look no further than page 25 of Graham's opening brief. There, he requests attorney fees on appeal "pursuant to . . . the provisions of the Purchase and Sale Agreement." Of course, the redemption statue does not provide for an award of attorney fees in the event a lawsuit is filed concerning an offer. Graham's argument for attorney fees in itself demonstrates his intent to bind Findahl to the additional terms of the purchase and sale agreement.

■ Furthermore, it would not be irrational to construe RCW 6.23.120 so as to prohibit the inclusion of additional terms in qualifying offers. This is true despite Graham's argument that, legally and practically speaking, he could not have submitted an offer in any form other than a standard form purchase and sale agreement. Graham correctly observes that the statute required him to submit his offer through a broker. And we recognize that Graham's broker could not have substantially altered the purchase and sale agreement without risking the unauthorized practice of law.[13] But Graham's argument begs the question of whether only his *broker*, and not an attorney, could have prepared a qualifying offer. While the statute on its face requires the involvement of licensed real estate brokers in

---

[13] *See generally Cultum v. Heritage House Realtors, Inc.*, 103 Wn.2d 623, 694 P.2d 630 (1985).

"handling" offers,[14] nothing in the statute implies that only brokers may *prepare* offers. As the Supreme Court stated in *Cultum v. Heritage House Realtors, Inc.*:

> In a few instances earnest money agreements may be complicated and one or both parties may realize the need for a lawyer to prepare the contract rather than use a standardized form. In fact, if a broker or salesperson believes there may be complicated legal issues involved, he or she should persuade the parties to seek legal advice.[15]

The same could be said regarding the offer here. Given the apparent rarity of this kind of offer to purchase unredeemed property, it might have been wise to present the offer in something other than a standardized purchase and sale agreement.[16] But Graham failed to do this.

Because Graham's offer contained terms neither explicitly nor implicitly authorized by RCW 6.23.120, it was not a "qualifying offer." We affirm the decisions granting summary judgment and denying Graham's motion for reconsideration, and we deny Graham's request for attorney fees on appeal.

BAKER and BECKER, JJ., concur.

---

[14] *See* RCW 6.23.020, .120.

[15] *Cultum v. Heritage House Realtors, Inc.*, 103 Wn.2d 623, 630, 694 P.2d 630 (1985).

[16] Graham's attorney (not counsel on appeal) apparently did review the purchase and sale agreement before its presentment. The letter from Graham's attorney that accompanied Graham's offer to Findahl stated, "since this offer [memorialized in the purchase and sale agreement] is a qualifying offer under RCW 6.23.120, you have no option but to accept it."