

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| GILBERTO CANO JUAREZ, | ) | No. 72856-3-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| BRAVADO APARTMENTS, LLC, a | ) | |
| foreign corporation doing business in | ) | |
| Washington as Buena Casa | ) | UNPUBLISHED OPINION |
| Apartments; JAGENDER SINGH, and | ) | |
| JANE DOE SINGH, a Marital | ) | |
| Community; GURMEET SINGH and | ) | |
| JANE DOE SINGH 2, a Marital | ) | |
| Community; and DOES 1-10, | ) | |
| | ) | |
| Respondents. | ) | FILED: November 9, 2015 |

SCHINDLER, J. — Gilberto Cano Juarez appeals summary judgment dismissal of his lawsuit against Bravado Apartments LLC and its owners (collectively Bravado Apartments). Because there is no dispute that Juarez was not a tenant, a subtenant, or a business invitee of Bravado Apartments, we affirm.

Bravado Apartments owns the Buena Casa apartment complex located on a full city block in Kent. There are 14 apartment buildings in the complex and an iron fence that surrounds the complex. There are two access gates.

In January 2012, Juarez lived in unit M-110 with a woman and her two children. On January 20, Juarez ate dinner at a nearby restaurant. As Juarez approached one of

the entrance gates to the Buena Casa, he noticed two men were following him. After Juarez walked through a poorly lit area of the apartment complex, the two men knocked him down, threatened him with a gun, and demanded money. Juarez reported the assault to the police. He did not report the assault to the Bravado Apartments.

On January 21, 2014, Juarez filed a "Complaint for Damages" against Bravado Apartments LLC and its owners. Juarez alleged Bravado Apartments owed him a duty as a tenant and failed to "maintain the premises in a safe manner." Juarez alleged Bravado Apartments knew of numerous incidents of criminal activity and the lack of a security gate created an unreasonable risk of injury to tenants. Juarez also alleged Bravado Apartments owed him a duty as a business invitee and that it failed to "inspect, maintain, repair, and safeguard its property for the protection of the business invitees."

Bravado Apartments filed an answer and asserted a number of affirmative defenses including failure to state a claim upon which relief can be granted.

Bravado Apartments filed a motion for summary judgment arguing there was no evidence to establish it owed a duty to protect Juarez from the criminal actions of a third party. Bravado Apartments asserted Juarez was not a tenant, a subtenant, or a business invitee of Bravado Apartments. Bravado Apartments submitted the lease agreement with the tenant of unit M-110 and portions of the deposition of Juarez.

The lease agreement lists "Maria I. Rodriguez-Hernandez" as the lessee and states, in pertinent part:

> The LESSEE shall not assign this lease, sublet the premises, give accommodation to any roomers or lodgers, or permit the use of the premises for any purpose other than as a private dwelling solely for LESSEE(S). This Apartment is being rented for the occupancy by the following named persons only.

The lease agreement names only Rodriguez-Hernandez as an occupant of unit M-110. In his deposition, Juarez concedes he did not sign a lease with Bravado Apartments and did not pay rent to Bravado Apartments.

In opposition, Juarez argued his "status as tenant, sub-tenant, or invitee" is in dispute. Juarez claimed he was a business invitee because he contributed to the rent paid to Bravado Apartments. Juarez submitted the portion of his deposition where he states that he contributed money to pay the rent, documents where he used the address at Buena Casa, apartment listings that describe Buena Casa as a "gated community," and police reports regarding criminal activity at Buena Casa.

The trial court granted the summary judgment motion to dismiss the lawsuit. In the "Order Granting Defendants' Motion for Summary Judgment," the court states that Bravado Apartments and Juarez "were not in a landlord-tenant relationship on January 20, 2012. Nor was [Juarez] a business invitee." Because a special relationship did not exist, the court ruled Bravado Apartments "did not owe a duty to protect [Juarez] from the criminal acts of third parties over whom they had no control." Juarez appeals.

We review summary judgment de novo and engage in the same inquiry as the trial court. Kruse v. Hemp, 121 Wn.2d 715, 722, 853 P.2d 1373 (1993). Summary judgment is proper if the pleadings, depositions, answers, and admissions, together with the declarations, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c).

The moving party has the burden of showing the absence of a genuine issue of material fact. Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). Once the moving party shows an absence of a genuine issue of material fact, the

3

burden shifts to the nonmoving party " 'to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.' " Young, 112 Wn.2d at 225 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

To prevail on a negligence claim, a plaintiff must establish (1) the existence of a duty, (2) breach of that duty, (3) proximate cause, and (4) resulting injury. Hutchins v. 1001 Fourth Ave. Assocs., 116 Wn.2d 217, 220, 802 P.2d 1360 (1991). Whether a duty exists is a question of law that we review de novo. Degel v. Majestic Mobile Manor, Inc., 129 Wn.2d 43, 48, 914 P.2d 728 (1996).

At common law and as a general rule, " 'a private person does not have a duty to protect others from the criminal acts of third parties.' " Nivens v. 7-11 Hoagy's Corner, 133 Wn.2d 192, 199, 943 P.2d 286 (1997) (quoting Hutchins, 116 Wn.2d at 223). Washington recognizes an exception to this rule where a special relationship exists between the defendant and the victim. Nivens, 133 Wn.2d at 200.

Juarez argues that because he lived at Buena Casa, Bravado Apartments owes a duty to protect him from criminal conduct of a third party. Juarez also contends that the special relationship between a landlord and a tenant extends to him as a subtenant.

Washington recognizes a special relationship exists between a landlord and a tenant. Degel, 129 Wn.2d at 49. In addition, a landlord may be liable to the " 'tenant and others lawfully upon the leased property with the consent of the tenant or a subtenant.' " Griffin v. W. RS, Inc., 97 Wn. App. 557, 569, 984 P.2d 1070 (1999) (quoting RESTATEMENT (SECOND) OF PROPERTY: LANDLORD AND TENANT § 17.3 (1977)), rev'd on other grounds by 143 Wn.2d 81, 13 P.3d 558 (2001).

Juarez was not a tenant of Bravado Apartments and there is no evidence he lived in the apartment with the consent of the tenant. Juarez did not sign a lease agreement with Bravado Apartments and did not pay rent to Bravado Apartments. There is no evidence that Bravado Apartments knew Juarez lived in unit M-110 or permitted him to do so. Bravado Apartments leased unit M-110 to Maria I. Rodriguez-Hernandez. Rodriguez-Hernandez did not list any other occupants as living in the unit. The lease agreement specifically prohibited assignment of the lease, subletting the premises, and giving accommodation to "roomers or lodgers." Because the undisputed record shows Juarez was not a tenant or subtenant and did not live in the apartment complex with the consent of the tenant, we conclude there is no special relationship between Bravado Apartments and Juarez.

Juarez also argues Bravado Apartments owed him a duty as a business invitee. Juarez argues he is a business invitee because he paid rent to live in unit M-110. Washington recognizes that the relationship between a business and a business invitee constitutes a special relationship "because the invitee enters the business premises for the economic benefit of the business." Nivens, 133 Wn.2d at 202. The landowner's duty arises as the "quid pro quo for the expected benefit." McKinnon v. Wash. Fed. Sav. & Loan Ass'n, 68 Wn.2d 644, 649, 414 P.2d 773 (1966).

> In determining status as a business invitee,
>
> the ultimate goal is to differentiate (1) an entry made for a business or economic purpose that benefits both entrant and occupier, from (2) an entry made for a purpose that either (a) benefits only the entrant or (b) is primarily familial or social.

Thompson v. Katzer, 86 Wn. App. 280, 286, 936 P.2d 421 (1997).

5

Juarez presented no evidence that he paid rent to Bravado Apartments. Rodriguez-Hernandez signed the lease for unit M-110 and agreed to pay the rent. Because the record shows the purpose of entering Buena Casa was not for the mutual benefit of Bravado Apartments, Juarez was not a business invitee.[1]

Juarez contends the court erred in determining duty without considering the foreseeability of criminal conduct on the premises. We disagree. "[O]nce 'a duty is found to exist from the defendant to the plaintiff then concepts of foreseeability serve to define the scope of the duty owed.' " McKown v. Simon Property Group, Inc., 182 Wn.2d 752, 762, 344 P.3d 661 (2015) (quoting Schooley v. Pinch's Deli Market, Inc., 134 Wn.2d 468, 475, 951 P.2d 749 (1998)). Foreseeability is both a legal and factual inquiry. McKown, 182 Wn.2d at 764. The legal inquiry regards whether the defendant owes a duty at all, the factual inquiry regards whether the plaintiff's injury "is reasonably perceived as being within the general field of danger covered by the duty owed by the defendant." McKown, 182 Wn.2d at 764. Because Bravado Apartments owed no duty to Juarez, foreseeability does not create such a duty.

---

[1] In his brief on appeal, Juarez argues for the first time that a landowner has a duty to protect any person lawfully on the landowner's property from foreseeable criminal conduct. Juarez also claims for the first time that he was a public invitee on the Bravado Apartments property. We do not consider an argument raised for the first time on appeal. RAP 9.12 ("On review of an order granting or denying a motion for summary judgment the appellate court will consider only evidence and issues called to the attention of the trial court.").

We affirm the summary judgment dismissal of the lawsuit against Bravado Apartments.

WE CONCUR: