# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DELAURA NORG, as Litigation Guardian ad Litem for her husband, FRED B, NORG, an incapacitated man, and DELAURA NORG, individually,<br><br>          Respondent,<br><br>      v.<br><br>CITY OF SEATTLE,<br>          Appellant. | No. 86762-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — For the second time, the City of Seattle (City) appeals from a summary judgment ruling in which the trial court concluded, as a matter of law, that the City owed Delaura and Fred Norg a duty of reasonable care in responding to their 911 call. Because the law of the case doctrine precludes consideration of the City's challenge to our Supreme Court's corresponding determination in the first appeal, and its remaining arguments are without merit, we affirm.

I

In its prior opinion in this case, our Supreme Court concisely recounted the essential facts, relevant procedural history, and disposition of the appeal as follows:

> Delaura Norg called 911, seeking emergency medical assistance for her husband, Fred. She gave the 911 dispatcher her correct address, which the dispatcher relayed to emergency

responders from the Seattle Fire Department (SFD). The Norgs' apartment building was three blocks away from the nearest SFD station, but it took emergency responders over 15 minutes to arrive. This delay occurred because the SFD units failed to verify the Norgs' address and, instead, went to a nearby nursing home based on the mistaken assumption that the Norgs lived there. The Norgs sued the City for negligence, alleging that SFD's delayed response aggravated their injuries.

The City pleaded the public duty doctrine as an affirmative defense, and both parties moved for summary judgment on the question of duty. The trial court granted partial summary judgment in the Norgs' favor and struck the City's affirmative defense. The Court of Appeals affirmed on interlocutory review. We granted review and now affirm.

*Norg v. City of Seattle*, 200 Wn.2d 749, 752, 522 P.3d 580 (2023). The court then summarized its reasoning as to the dispositive issue of duty, noting:

The undisputed facts establish that once the City undertook its response to the Norgs' 911 call, the City owed the Norgs an actionable, common law duty to use reasonable care. The Norgs' claim is based on the City's alleged breach of this common law duty and is therefore not subject to the public duty doctrine as a matter of law. As a result, we hold that the trial court properly granted partial summary judgment to the Norgs on the question of duty. In doing so, we express no opinion on the remaining elements of the Norgs' claim (breach, causation, and damages). We thus affirm the Court of Appeals and remand to the trial court for further proceedings.

*Id*. Lastly, the Court reiterated its holding in the concluding paragraph of its opinion: "The Norgs have established that the City owed them an individualized, actionable duty of reasonable care when it undertook to respond to their 911 call." *Id.* at 766.

On remand, the City once again filed a motion for summary judgment regarding the dispositive issue of duty. This time, the City asserted it "had no legal duty" to the Norgs under the voluntary rescue doctrine. The trial court denied the City's motion, noting that it had considered both the City's arguments and "the

subsequent appellate decisions in this case by the Court of Appeals . . . and the Washington State Supreme Court . . . both finding as a matter of law that the City owed the Norgs a duty of reasonable care in responding to the Norgs' 911 call." The City subsequently filed a motion for reconsideration, which the trial court denied, and a motion for clarification, which the trial court granted, clarifying that its previous summary judgment ruling "is construed such that the common law duty of reasonable care provided in the Voluntary Rescue Doctrine does not apply as a matter of law."

Consistent with its summary judgment ruling, the court granted two of the Norgs' motions in limine, relevant here, excluding evidence relating to the City's defense based on the voluntary rescue doctrine. Also consistent with its summary judgment ruling, and in accordance with the Supreme Court's prior opinion, the court instructed the jury that the "Seattle Fire Department owed the Norgs a duty of reasonable care when it undertook to respond to the Norgs' 911 call." The jury returned a special verdict finding the City was negligent and its negligence was a proximate cause of injury or damage to Fred and Delaura Norg, and it awarded the Norgs $3,275,000 in damages. This timely appeal followed.

II

The City argues that the trial court erred in denying its motion for summary judgment regarding the threshold issue of duty, granting the Norgs' related motions in limine, and declining to instruct the jury regarding the voluntary rescue doctrine. We disagree.

The trial court rejected the City's arguments regarding the voluntary rescue doctrine—and the subsumed issue of duty—on summary judgment. "On appeal

- 3 -

of summary judgment, the standard of review is de novo, and the appellate court performs the same inquiry as the trial court." *Lybbert v. Grant County,* 141 Wn.2d 29, 34, 1 P.3d 1124 (2000). Also, whether a party owes a duty in tort to another party is a question of law. *Tincani v. Inland Empire Zoological Soc'y*, 124 Wn.2d 121, 128, 875 P.2d 621 (1994). We review questions of law, including duty, de novo. *Michaels v. CH2M Hill, Inc.*, 171 Wn.2d 587, 597, 257 P.3d 532 (2011).

"The threshold question in a negligent tort cause of action is whether a duty exists in the first instance. Absent a duty, there can be no breach of that duty." *In re Marriage of J.T.*, 77 Wn. App. 361, 363, 891 P.2d 729 (1995). In determining that threshold issue, our Supreme Court has recognized in both this and previous cases that "[a]t common law, every individual owes a duty of reasonable care to refrain from causing foreseeable harm in interactions with others." *Norg*, 200 Wn.2d at 763 (quoting *Beltran-Serrano v. City of Tacoma*, 193 Wn.2d 537, 550, 442 P.3d 608 (2019)). "Moreover, although generally there is 'no legal duty to come to the aid of a stranger,' a common law duty of reasonable care 'arises when one party voluntarily begins to assist an individual needing help.'" *Id.* (quoting *Folsom v. Burger King*, 135 Wn.2d 658, 674-75, 958 P.2d 301 (1998), and citing *Brown v. MacPherson's, Inc.*, 86 Wn.2d 293, 299, 545 P.2d 13 (1975)). This doctrine dates back over a century. As Justice Cardozo explained, "It is ancient learning that one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully . . . ." *Glanzer v. Shepard*, 233 N.Y. 236, 239, 135 N.E. 275, 276 (N.Y. 1922).

The trial court below denied the City's motion for summary judgment based on this court's and the Supreme Court's previous opinions in this case. Such a

ruling invokes the law of the case doctrine, which "refers to 'the binding effect of determinations made by the appellate court on further proceedings in the trial court on remand'" and "'the principle that an appellate court will generally not make a redetermination of the rules of law which it has announced in a prior determination in the same case or which were necessarily implicit in such prior determination.'" *Lutheran Day Care v. Snohomish County*, 119 Wn.2d 91, 113, 829 P.2d 746 (1992) (quoting 15 LEWIS H. ORLAND & KARL B. TEGLAND, WASHINGTON PRACTICE: JUDGMENTS § 380, at 55-56 (4th ed. 1986)). "The doctrine serves to 'promote[ ] the finality and efficiency of the judicial process by protecting against the agitation of settled issues.'" *State v. Harrison*, 148 Wn.2d 550, 562, 61 P.3d 1104 (2003) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988)).

Our Supreme Court squarely held in its prior opinion in this case "[t]he undisputed facts establish that once the City undertook its response to the Norgs' 911 call, the City owed the Norgs an actionable, common law duty to use reasonable care." *Norg*, 200 Wn.2d at 752. Later in its opinion, the Court reiterated, "[t]he Norgs have established that the City owed them an individualized, actionable duty of reasonable care when it undertook to respond to their 911 call." *Id.* at 766. Under the law of the case doctrine, as set forth above, the Supreme Court's holding regarding this issue is binding on further proceedings in the trial court on remand. And just as the trial court is bound by that prior determination, so too are we. *See Buck Mountain Owner's Ass'n v. Prestwich*, 174 Wn. App. 702, 716, 308 P.3d 644 (2013) ("We are bound by the decisions of our state Supreme Court and err when we fail to follow it.").

The City argues the law of the case doctrine does not apply here because our Supreme Court's decision in *Norg* "dealt solely with the applicability of the public duty doctrine." The City reads the opinion too narrowly. The Supreme Court recognized, "'To establish a duty in tort against a governmental entity, a plaintiff must show that the duty breached was owed to an individual and was not merely a general obligation owed to the public.'" *Norg*, 200 Wn.2d at 757 (quoting *Beltran-Serrano*, 193 Wn.2d at 549). The Court ultimately concluded that the Norgs had properly alleged and established an actionable common law duty of reasonable care owed to the Norgs individually, adding, "The City does not point to any statute supplanting this common law duty." *Id.* at 765-66. Also significant here, the Court in *Norg* cited both *Folsom* and *Brown*—two cases that squarely address the voluntary rescue doctrine—in concluding, "a common law duty of reasonable care 'arises when one party voluntarily begins to assist an individual needing help.'" *Id.* at 763 (quoting *Folsom*, 135 Wn.2d at 674-75, and citing *Brown*, 86 Wn.2d at 299). It is therefore inaccurate to state, as the City does, that the Supreme Court solely addressed the applicability of the public duty doctrine. While the Court did not mention the voluntary rescue doctrine by name, its determination regarding the issue is "necessarily implicit in such prior determination," which is sufficient to establish law of the case. *Lutheran Day Care*, 119 Wn.2d at 113.

But even if the City could establish that the Supreme Court limited its analysis to issues relating to the public duty doctrine, that would not matter here because the law of the case doctrine bars "successive reviews of issues that a party raised, *or could have raised*, in an earlier appeal in the same case." *In re Estate of Langeland v. Drown*, 195 Wn. App. 74, 82, 380 P.3d 573 (2016)

(emphasis added). Not only is the voluntary rescue doctrine an issue that the City could have raised in the prior appeal, it in fact raised the issue in the supplemental brief that it filed in the Supreme Court, where it devoted an entire section to the issue, cited both *Folsom* and *Brown* (which the Court then cited in its opinion, as noted above), and argued, "The Norgs failed to satisfy the elements of the voluntary rescue doctrine as a matter of law." Under the law of the case doctrine, the City could not properly relitigate on remand whether, as the Supreme Court ruled, it owed the Norgs a duty of reasonable care when it responded to their 911 call.

The City also argues that this court's application of the law of the case doctrine is discretionary under RAP 2.5(c)(2), which states:

> The following provisions apply if the same case is again before the appellate court following a remand . . . The appellate court may . . . review the propriety of an earlier decision of the appellate court in the same case and, where justice would best be served, decide the case on the basis of the appellate court's opinion of the law at the time of the later review.

This rule codifies "two historically recognized exceptions to the law of the case doctrine." *Roberson v. Perez*, 156 Wn.2d 33, 42, 123 P.3d 844 (2005). The first applies "where the prior decision is clearly erroneous, and the erroneous decision would work a manifest injustice to one party," and the second "where there has been an intervening change in controlling precedent between trial and appeal." Id. The City has not established the applicability of either exception.

Next, the City claims even if the Supreme Court concluded (as it did) that the City owed the Norgs an individualized, actionable duty of reasonable care when it responded to their 911 call, "[t]he voluntary rescue doctrine is set forth in

the Restatement of Torts and serves as an important source of, and limitation on, liability for persons and entities that voluntarily choose to rescue persons in need." In support of this argument, the City cites Restatement (Second) of Torts § 323 (Am. Law Inst. 1965), which states:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
>     (a) his failure to exercise such care increases the risk of such harm, or
>
>     (b) the harm is suffered because of the other's reliance upon the undertaking.

Contrary to the City's attempt to repurpose section 323 as a substantive limitation on liability for entities that undertake a voluntary rescue, it merely sets forth the test for determining whether a party's voluntary undertaking gives rise to a duty to exercise reasonable care in the performance of the undertaking.

Much the same applies to the City's argument that "[c]onsistent with the Restatement, Washington courts have applied the voluntary rescue doctrine as both a source of, and a limitation on, liability in negligence claims." In *Folsom*, cited by the City in support of this argument, our Supreme Court stated:

> Typically, liability for attempting a voluntary rescue has been found when the defendant makes the plaintiff's situation worse by: (1) increasing the danger; (2) misleading the plaintiff into believing the danger had been removed; or (3) depriving the plaintiff of the possibility of help from other sources.

135 Wn.2d at 676 (citing W. PAGE KEETON ET AL., PROSSER AND KEETON ON TORTS, 56 (5th ed. 1984)). Like section 323 of the Restatement, discussed above, the three-part test in *Folsom* merely sets forth a test for determining whether a party's

voluntary rescue gives rise to a duty to exercise reasonable care in the performance of the rescue. Here, whether the City owed the Norgs a duty of reasonable care was conclusively resolved in the prior appeal.

The City's policy argument also fails. The City claims that imposing a duty to exercise reasonable care in the circumstances presented here "will reverberate across fire departments and public health agencies throughout the state" and "will also give pause to private ambulance providers." In so arguing, the City overlooks the pattern instructions regarding causation and damages. Consistent with Washington Pattern Jury Instruction 15.01, the trial court instructed the jury that "'proximate cause' means a cause in which a direct sequence produces the injury complained of and without which such injury would not have happened." WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: 15.01 (7th ed. 2019). And consistent with Washington Pattern Jury Instruction 30.01.01, the trial court further instructed the jury that any damage award should "fairly compensate the plaintiffs for the total amount of such damages as you find were proximately caused by the negligence of the defendant." These instructions effectively limit a defendant's liability to the harm caused by its breach of the common law duty of reasonable care in the performance of a voluntary rescue. When applied to the alleged breach (here, SFD's delayed response to the Norgs' 911 call), these instructions provide the protection from excessive liability that the City claims is missing here. The jury was so instructed, and we presume that the jury followed these instructions and awarded damages accordingly. *See Coogan v. Borg-Warner Morse Tec Inc.*, 197 Wn.2d 790, 808, 490 P.3d 200, 212 (2021) ("jurors

- 9 -

are presumed to follow the court's instructions," quoting *State v. Emery*, 174 Wn.2d 741, 766, 278 P.3d 653 (2012)).

For similar reasons, the trial court did not abuse its discretion in declining to instruct the jury regarding the voluntary rescue doctrine. *See Fergen v. Sestero*, 182 Wn.2d 794, 802, 346 P.3d 708 (2015) ("Whether to give a certain jury instruction is within a trial court's discretion and so is reviewed for abuse of discretion."). The City, for example, proposed that the trial court instruct the jury, "There is no general duty to come to the aid of others" and "a rescuer or promisor is only liable [in rendering aid] when others have reasonably relied on the promise or efforts." The City's proposed instructions are contrary to our Supreme Court's holding that "once the City undertook its response to the Norgs' 911 call, the City owed the Norgs an actionable, common law duty to use reasonable care." *Norg*, 200 Wn.2d at 752. The instructions also misconstrue the voluntary rescue doctrine as a limitation of liability rather than a test for determining whether a party's voluntary rescue gives rise to a duty to exercise reasonable care in the performance of a rescue. *See supra* at 7-9 (addressing City's argument regarding Section 323 of the Restatement (Second) of Torts and *Folsom*). The trial court correctly rejected these instructions. *See Griffin v. W. RS, Inc.*, 143 Wn.2d 81, 90, 18 P.3d 558 (2001) ("no duty to give an incorrect instruction").

Nor did the trial court abuse its discretion in granting the Norgs' motions in limine regarding the voluntary rescue doctrine, both of which were contested solely on legal grounds. *See Gunn v. Riley*, 185 Wn. App. 517, 531, 344 P.3d 1225 (2015) ("We review a trial court's grant of a motion in limine for an abuse of discretion."). The first such motion sought to "[e]xclude evidence or statements

that the Seattle Fire Department (SFD) responders to the Norg emergency were 'volunteers' or 'conducting a voluntary rescue' or any mention of the 'voluntary rescue doctrine' (VRD)." The second motion likewise sought to "[e]xclude evidence or statements involving terms associated with the VRD." The City stipulated to both motions, noting that the trial court had previously ruled on this issue on summary judgment. Because the City has not established that the trial court erred in denying its summary judgment motion on the voluntary rescue doctrine, its argument regarding these motions in limine likewise fails.

In sum, because the City misconstrues and misapplies the voluntary rescue doctrine and contradicts our Supreme Court's controlling opinion in this matter, the trial court correctly denied the City's motion for summary judgment, correctly denied its motion for reconsideration, and correctly concluded in response to the City's motion for clarification that the voluntary rescue doctrine, *as misconstrued by the City as a limitation rather than a source of liability*, does not apply here as a matter of law. For similar reasons, the trial court did not abuse its discretion, nor did it err, in granting the Norgs' stipulated motions in limine to exclude evidence related to the voluntary rescue doctrine and declining to instruct the jury regarding the City's misconceived application of the doctrine.

III

Lastly, the Norgs argue they should be awarded their attorney fees in responding to the City's appeal under RAP 18.9(a). RAP 18.9(a) permits an award of attorney fees as a sanction for filing a frivolous appeal. "An appeal is frivolous if there are no debatable issues upon which reasonable minds might differ and it is so totally devoid of merit that there was no reasonable possibility of reversal."

*Fay v. Nw. Airlines, Inc.*, 115 Wn.2d 194, 200-01, 796 P.2d 412 (1990).  "All doubts as to whether the appeal is frivolous should be resolved in favor of the appellant." *Advocates for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 170 Wn.2d 577, 580, 245 P.3d 764 (2010).  The Norgs have not demonstrated that the appeal had no debatable issues on which reasonable minds might differ and is so totally devoid of merit that there is no reasonable possibility of reversal.  Because we resolve all doubts as to whether the appeal is frivolous in favor of the City, we decline to award fees under RAP 18.9.

We affirm.

Feldman, J.

WE CONCUR:

Coburn, J.                    Mann, J.